GUSTAVUS C. KILGORE *vs.* FRANK U. RICH.

Waldo.   Opinion April 7, 1891.

*Infant.   Minor.   Necessaries.   Contracts.*

A board bill contracted by an infant to enable him to attend school, is a necessary, the payment for which may be recovered of him by suit.

If the infant procure another to pay the bill for him, that payment is regarded as the furnishing of necessaries, for which a suit may be maintained against the infant for the reasonable value to him of the amount so paid.

ON EXCEPTIONS.

This was an action of assumpsit on an account annexed. The defendant pleaded the general issue, with a brief statement averring his infancy. The case is stated in the opinion.

*Joseph Williamson,* for plaintiff.

An infant may bind himself to pay for his good teaching and instruction, whereby he may profit himself afterwards. Co. Lit. 172. Money paid for an infant for necessaries is recoverable from him. Chit. Con. 142; Metc. Con. 79; *Swift* v. *Bennett,* 10 Cush. 436; *Randall* v. *Sweet,* 1 Den. 460; *Conn* v. *Coburn,* 7 N. H. 368; 3 Bac. Abr. 394; *Robinson* v. *Weeks,* 56 Maine, 102.

*William H. Fogler,* for defendant.

If an infant has lived with his parents or guardian who have duly cared and provided for him, he can not bind himself for necessaries. *Wailing* v. *Toll,* 9 Johns. 141; *Swift* v. *Bennett,* 10 Cush. 436; *Hull* v. *Connelly,* 3 McCord, 6; 2 Bl. R. 1325; 1 Esp. 211. Counsel also cited: *Hoyt* v. *Casey,* 114 Mass. 397; Sch. Dom. Rel. 555; 1 Bl. Com. 466, note; *Kline* v. *L'Amoreux,* 2 Pai. Ch. 419; *Conn* v. *Coburn,* 7 N. H. 368; *People* v. *Moores,* 4 Den. 518, 519.

PETERS, C. J. The jury found that, at the request of the defendant, then an infant, the plaintiff paid for him a board bill which he had previously contracted while attending school. It

was ruled at the trial that the expense of an infant's board while attending school might be regarded as necessaries. The correctness of this ruling is perhaps unquestioned. At all events, Coke's enumeration of the kinds of necessaries has always been accepted as true doctrine, which are these : "Necessary meat, drink, apparel, necessary physic, and such other necessaries, and likewise his good teaching, or instruction, whereby he may profit himself afterwards."

It was also ruled at the trial, that an infant being liable to one person for such a bill, could make himself liable to another who should pay such bill for him at his request; the liability to such other person not to be measured by the amount actually paid, but limited, irrespective of the contract price, to such sum as would be a reasonable compensation for the board. This ruling does not appear to infringe against any legal principle, and an examination of the cases satisfies us that it is well supported by the authorities.

The infant's liability is in no way enlarged by owing the debt to one rather than to another. The rule lends no temptation to create a debt as it is already created. The right to transfer the liability from one to another might be a great convenience to a minor. One creditor might be unable or unwilling to wait for payment, while a friend and acquaintance, as a substituted creditor, might be accommodating in that respect. It would give a self-supporting minor more facilities for support. We have not, in our examination of authorities, noticed any case that opposes the principle. In *Clarke* v. *Leslie*, 5 Esp. 28; it was held that an infant who was threatened with arrest upon a process sued out against him on a debt for necessaries, would be liable to a person who, at his request, advanced money to release him. In that case there was legal pressure, but in many instances moral pressure would be great. *Swift* v. *Bennett*, 10 Cush. 436, is a case where an infant bought an outfit for a whaling voyage, drawing for the amount of the bill on the plaintiffs, who accepted the bill and paid it when it became due. They were allowed to collect of the infant what the goods were reasonably worth to him, in an action for money paid on his

account. So in *Conn* v. *Coburn*, 7 N. H. 368, a person who signed an infant's note, given for necessaries, as a surety, was allowed after payment of the note to recover the amount paid, not upon the note, but as money paid for the benefit of the infant. *Randall* v. *Sweet*, 1 Denio, 460, is precisely in point with the present case.

The defendant relies on the rule generally prevailing in the cases that money is not a necessary, though lent to an infant who afterwards purchases necessaries with it. "But," says Mr. Bishop, "one who pays money at his (infant's) request to a third person for necessaries can recover it." Bish. Con. § 914. The difference is between lending or paying. Mr. Wharton, (Whar. Con. § 72,) finds the doctrine adopted in late American cases, that a person who lends money to an infant to purchase "specific" necessaries stands in the position of the tradesman who furnishes the necessaries. In the case at bar the plaintiff could have taken an assignment of the claim, and been entitled to recover it, and there really is no good reason to defeat his claim as it is here presented.

*Exceptions overruled.*

WALTON, VIRGIN, LIBBEY, HASKELL and WHITEHOUSE, JJ., concurred.