NIELS PETER NIELSON, pro ami,

*vs.*

INTERNATIONAL TEXTBOOK COMPANY.

Cumberland.    Opinion October 28, 1909.

*Infants.   Necessaries.   Exceptions.*

1.  Articles suitable and which would be beneficial to an infant are not ex vi termini necessaries.

2.  It is not necessary that an infant, in order to recover back money paid by him in execution of a voidable contract, should place the other party in statu quo. The fact that the infant may have received and retains intangible benefits from the use of property purchased is no bar to such action.

3.  Where an exception to a charge to the jury consists of an extract, detached from its context, the whole charge must be examined in order to determine if the exceptions be well taken.

On motion and exceptions by defendant.    Overruled.

Assumpsit for money had and received brought in the Superior Court, Cumberland County. On January 11, 1907, the plaintiff, being then a minor, signed a written contract with the defendant

for it to furnish him with a course of correspondence instruction in the Electrical Engineering Course and paid therefor the sum of eighty-eight dollars in advance. October 21, 1908, and before he became of age, the plaintiff brought the aforesaid action to recover back the money paid by him to the defendant. Verdict for plaintiff for $90.55.

The bill of exceptions further states the case as follows:

"After the evidence had been taken out the defendant requested the following instructions for the jury:

"1.   In order to recover in this case the plaintiff must restore all the considerations which he received from the defendant.

"2.   If you find that this course was suitable and would have been beneficial to the plaintiff he cannot recover in this action.

"The judge refused to give the requested instructions to which refusal the defendant excepts. The defendant also excepts to the following portions of the Judge's charge:

'Now in order for this plaintiff to maintain his action, he must do all that he reasonably can to restore the other side to the condition in which they were before the contract was made. He testified that he received some books, and those he has returned to the defendant. That much he has been able to do. Whatever benefit he derived from the instruction that he received, he cannot restore; that is an intangible thing which it is impossible for him to return. Under the circumstances of this case, all that he is required to do is to put the other party as near as possible in the same position that they were in before the contract was made; and that he claims he has done by returning the books, and that there is nothing more that he can do. If that is so,—if he has done everything that he can, then he is entitled to maintain the action, unless the contract was for necessaries.'

' Necessaries for an infant may include support and maintenance, food, lodging, clothing, medicines and medical attendance furnished him when his physical condition required them, and an education suitable to his station in life.

' Now, without any question, an ordinary or common school education is a necessary. The courts have so held. The courts

have also held that a collegiate education,—that is, a full academic course of four years in college, is not a necessary. They have likewise held that a professional education, like a training for the ministry in a theological school, or a training for the practice of law in a law school, or a course in a medical school,—is not a necessary. On the other hand, the courts have held that a training by means of which a young man learns a trade, is a necessary.'"

Besides the above quoted parts of the charge to which exceptions were taken, and in relation to "necessaries," the presiding Justice also instructed the jury as follows:

"The term 'necessaries' generally speaking, is not confined merely to such things as are required for bare subsistence, but includes those things without which an individual cannot reasonably exist, and which are useful, suitable, and necessary for his support, use, comfort, taking into consideration the infant's state and condition in life. The articles furnished must be actually necessary, in each particular case, for the minor's use and substantial good, not for mere ornament or pleasure. Beyond this, there is no positive rule by means of which you may determine what are or what are not necessaries; because, as I have already stated, what might be considered necessaries for one infant, would not be so considered for another whose status is different as to rank, fortune and social position. The question is one to be determined from the facts surrounding each particular case also."

The defendant also filed a general motion for a new trial.

*William Lyons*, for plaintiff.

*Emery G. Wilson*, for defendant.

Sitting: Whitehouse, Savage, Spear, Cornish, King, Bird, JJ.

Bird, J. Ordinarily the question whether articles sued for are necessaries or not is a question of fact to be submitted to the jury under proper instructions, unless in a very clear case where the court would be warranted in directing a jury authoritatively that some articles cannot be necessaries for any minor: *Davis* v. *Caldwell*, (Shaw, C. J.) 12 Cush. 512, 514; see *Raynes* v. *Bennett*, 114

Mass. 424, 429. In the present case it was undoubtedly proper to submit the question to the jury but the defendant claims error in the charge of the court and in its refusal of requested instructions.

The second requested instruction, "If you find that this course was suitable and would have been beneficial to the plaintiff, he cannot recover," was properly refused. It does not correctly state the law, containing as it does terms applicable to the class of necessaries and terms applicable alike to necessaries and voidable contracts. Nor is it sufficiently comprehensive: *Grand Trunk Ry. Co.* v. *Latham*, 63 Maine, 177.

The defendant urges that the portion of the charge to which exceptions are taken indicated that the court intended the jury to understand that the course of study sold to plaintiff came within the category of professional education. Where, however, the part of the charge excepted to is but an extract detached from its context it is ordinarily necessary to a determination of the exceptions to examine the whole charge: *Donnelly* v. *Granite Co.*, 90 Maine, 110, 117. In the case at bar the infirmity excepted to, if existent, is cured by the closing paragraph of the charge; "It [the course of instruction] seems to stand on intermediate ground, being between that of a trade and a learned profession. But it is for you to determine whether this particular course of instruction was suitable and requisite for this particular young man, as you have seen him here, and as the other facts in the case have given you information in regard to him :" See *State* v. *Watson*, 63 Maine, 128 ; and also *Bangs* v. *Railroad Co.*, 89 Maine, 194, 198.

It is not necessary that an infant, in order that he may recover back money paid by him in execution of a voidable contract, should place the other party in statu quo. "If he had received property during infancy and had spent, consumed or destroyed it, to require him to restore it, or the value of it, upon avoiding the contract, would be to deprive him of the very protection which it is the policy of the law to afford him ;" *Boody* v. *McKenney*, (Shepley, C. J.) 23 Maine, 517, 525, 526 ; see also *MacGreal* v. *Taylor*, 167 U. S. 688, 699-700 ; *Vent* v. *Osgood*, 19 Pick. 572, 577. That plaintiff had derived some intellectual benefit from the use of the books

returned by him, should not place him in a worse condition than that of one who has actually consumed or destroyed tangible property. The refusal of the first requested instruction was not error.

The defendant presents a general motion for new trial. It cannot be sustained. The issues submitted to the jury were simple and the instructions given sufficiently favorable to defendant. The material facts were not in controversy. What were the logical and correct inferences from the facts? In the conclusions of the jury we find no manifest error.

*Exceptions and motion overruled.*