## IVORY A. HOVEY *vs.* BURNHAM J. BELL.

### Aroostook.    Opinion September 12, 1914.

*Exceptions.    Fraud.    Lease.    Reference.    Report.    Rule.*

1.  It is well settled in law that the referee has full power to decide all questions arising, both of law and fact, and in the absence of fraud, prejudice or mistake, on the part of the referee, his decision is final.
2.  Objections to the report should be made when the report is offered for acceptance.
3.  The referee, in this case, did not exercise his full powers, for by reserving the right of exception to the defendant, he properly gave the defendant an opportunity to submit questions of law to this court.
4.  To sustain exceptions to the ruling of the referee, as a matter of law, that upon the facts found the plaintiff is entitled to recover, the defendant must show that the facts found by referee, as preliminary to his ruling based on those facts are not sustained by the evidence, and upon this point the burden is upon the defendant.

On exceptions by defendant.    Exceptions overruled.

This is an action in assumpsit on an account annexed to recover the sum of $222.00 and interest from date of demand, for 222 barrels of potatoes claimed to have been sold and delivered to the defendant at $1.00 per barrel.    At the April term of Court, the case was referred to Hon. A. M. SPEAR under a rule of Court.    The referee found and ruled as matter of law, upon the facts found that plaintiff was entitled to recover two hundred and forty-five dollars and interest from date of writ, and upon this ruling reserved the right of exception to defendant.    Upon motion of plaintiff's counsel, the Justice at nisi prius at September term, 1913, accepted the report and ordered judgment for plaintiff, and the defendant excepted to said order.

The case is stated in the opinion.

*Harry M. Briggs, Willard S. Lewin,* for plaintiff.

*Shaw, Burleigh & Shaw,* for defendant.

Sitting: Savage, C. J., Haley, Hanson, Philbrook, JJ.

Philbrook, J.  This is an action in assumpsit on the following account annexed:

Burnham J. Bell, to Ivory A. Hovey, Dr.

| 1911, June 1, | To 222 barrels of potatoes Sold and delivered you at $1.00 per bbl. | $222.00 |
|---|---|---|
| | To interest since due and demanded | 23.00 |
| | | $245.00 |

The cause was sent to a referee who reported as follows:

"In this case I find as a matter of fact that Ivory A. Hovey, the plaintiff, was a bona fide lessee of Ulmont H. Hovey, of the five acres which he claims to have planted to potatoes upon the Pennington farm, and that the two hundred barrels of potatoes harvested by him therefrom, were his property, as between him and his son, Ulmont. In other words, I find that the plaintiff's claim was not a fraudulent one set up for the purpose of preventing these potatoes from becoming as asset of Ulmont's bankrupt estate.

But as a matter of law the defendant claims, even admitting the plaintiff's good faith, that the title is prevented from vesting in him by the terms of the lease, which "reserved the title to said crops to secure the payment of the said rent, etc."  Under this reservation the defendant contends that all the crops by whomsoever cultivated became the property of the lessor, George L. Pennington, through whom the defendant, though nominal, derived his title.

The defendant further contends that the fact that the plaintiff was sublessee, without the written consent of the lessor, as required by the terms of the lease, left the plaintiff without any rights greater than those of the lessee, Ulmont.  Upon this contention I find two things: first, that the lessor had no knowledge of the operation of the plaintiff as sublessee; and second, that the lessor had no title to the premises when he executed the lease to the lessee, Ulmont.

Without going into further details, I rule as a matter of law, upon the facts found, that the plaintiff is entitled to recover the sum

of two hundred and forty-five dollars, and interest from the date of the writ. Upon this ruling I reserve the right of exception to the defendant.''

Upon motion of plaintiff's counsel the Justice at nisi prius accepted the report and ordered judgment for the plaintiff. Thereupon the defendant presented the following bill of exceptions, which was allowed, and the case is before us upon these exceptions.

''The referee found the facts upon hearing, which are set forth in his finding and ruled, as a matter of law, that upon the facts found, the plaintiff is entitled to recover.

The report was submitted to the court and the presiding Justice ruled that the ruling of the referee was right and ordered judgment for plaintiff, upon the report; to which ruling and order of the presiding Justice, the defendant excepts, and prays that the exceptions may be allowed.

The finding of the referee is made a part of the Bill of Exceptions.''

The record presented to this court consists only of copies, (1) of the writ; (2) of a lease from George L. Pennington to Ulmont H. Hovey of a certain piece of land in Houlton; (3) of a paper signed by said Pennington acknowledging receipt from Burnham J. Bell, the defendant, of $222.00, ''the same being the value of 222 barrels of potatoes raised on land leased by me to one Ulmont Hovey, and sold to said Bell by Ivory A. Hovey, the title to which said potatoes are in dispute,'' the paper also containing an agreement by Pennington to hold Bell harmless from loss by reason of the claim of any other person to the proceeds of the potatoes; (4) copy of rule of reference; (5) copy of findings of the referee; (6) bill of exceptions. In the plaintiff's brief he says that the evidence given before the referee ''though taken by a stenographer, is not before this court,'' and no such evidence is contained in the record.

The rule of reference contains the stipulation that judgment rendered on the report of the referee shall be final and conclusive and the law is well settled that in such a case the referee has full power to decide all questions arising, both of law and fact, and in the absence of fraud, prejudice, or mistake, on the part of the referee, objections to which should be made when the report is offered for acceptance, his decision is final. *Piscataquis Savings Bank* v. *Herrick*, 100 Maine, 494; *Armstrong* v. *Munster*, 103 Maine, 29. The powers of the referee, were unrestricted. The whole case, both as to law and fact,

were submitted to his determination. *Hooper* v. *Taylor*, 39 Maine, 224. In the case at bar the referee did not exercise his full powers, for, by reserving right of exception to the defendant, he virtually gave the defendant an opportunity to submit questions of law to this court. This course was legitimate and proper. *Hooper* v. *Taylor*, supra. The difficulty here is to ascertain precisely what questions of law are properly presented by the bill of exceptions.

There are several findings by the referee. He finds as matter of fact, that Ivory A. Hovey was a bona fide lessee of Ulmont H. Hovey. This finding is not exceptionable if there is any evidence to support it. *Palmer's Appeal*, 110 Maine, 441. In the case at bar no report of the evidence is furnished, except as above stated, and we find nothing in such as is furnished that will warrant this exception being sustained. After stating certain legal claims made by defendant the referee finds that the lessor had no knowledge of the operation of the plaintiff as sublessee, and that the lessor had no title to the premises when he executed the lease to Ulmont. These seem to be findings of fact and for reasons just given are not exceptionable. Finally the referee rules "as a matter of law, upon the facts found, that the plaintiff is entitled to recover," and upon this ruling reserves the right of exception to the defendant. Here again it would appear that in order to sustain his exceptions the defendant must show that the findings of fact by the referee, as preliminary to his ruling of law based upon those facts, are not sustained by any evidence. The burden at this point is upon the defendant. *Rawson* v. *Hall*, 56 Maine, 142. In our opinion the burden has not been sustained and the entry must be,

*Exceptions overruled.*