## MARION E. FIELDS *vs.* LEWIS M. MITCHELL.

### Cumberland.   Opinion November 23, 1914.

*"A married woman of any age." Conveyance of Real Estate. Coverture. Dis-*
*affirm Sale. Infancy. Revised Statutes, Chap. 63, Sec. 1.*

1. R. S., Chap. 63, Sec. 1, providing that "A married woman, of any age, may
own in her own right, real and personal estate acquired by descent, gift or
purchase, and may manage, sell, convey and devise the same by will, without
the joinder or assent of her husband" &c., applies to a married woman under
the age of twenty-one years as well as to one who has attained her majority.

2. That a conveyance of real estate made by a married woman under the age of
twenty-one years cannot be disaffirmed by her after arriving at majority, nor
the property recovered back.

On report. Upon an agreed statement of facts. Judgment for
defendant.

This is a real action to recover certain real estate described in the
declaration. The plaintiff, a married woman under the age of twenty-
one years, conveyed said premises by warranty deed to Forest W.
Fields, which land Forest W. Fields subsequently conveyed to the
defendant. At the date of the writ in this action, the plaintiff was
twenty-one years of age. The case was reported to the Law Court
upon the agreed statement of facts.

The case is stated in the opinion.

*Jacob H. Berman,* for plaintiff.

*Reynolds & Sanborn,* for defendant.

SITTING: SAVAGE, C. J., CORNISH, BIRD, HALEY, HANSON,
PHILBROOK, JJ.

CORNISH, J. The sole question to be determined in this case is
whether a married woman under the age of twenty-one years can
sell and convey real estate and after arriving at the age of twenty-one
can disaffirm the sale and recover the property back. If she can,
then this action can be maintained, otherwise not.

This question is one of statutory construction.

R. S., Chap. 63, Sec. 1, provides as follows:

"A married woman, of any age, may own in her own right real and personal estate acquired by descent, gift or purchase; and may manage, sell, convey and devise the same by will, without the joinder or assent of her husband;" etc. The plaintiff contends that the phrase, "A married woman of any age" should be interpreted to mean "of any lawful age;" that is, one who has attained her majority; while the defendant claims that the words mean precisely what they say, "of any age," whether under twenty-one or over. This is the issue, and a careful examination of the history of this legislation sustains the claim of the defendant.

At common law the plaintiff would have been under two disabilities,—coverture and infancy. In 1844 the Legislature passed an Act removing in part the disability of coverture, viz:

"Sec. 1. Any married woman may become seized or possessed of any property, real or personal, by direct bequest, demise, gift, purchase or distribution, in her own name, and as of her own property; provided it shall be made to appear by such married woman, in any issue touching the validity of her title, that the same does not in any way come from the husband after coverture.

Sec. 2. Hereafter when any woman possessed of property real or personal, shall marry, such property shall continue to her, notwithstanding her coverture, and she shall have, hold and possess the same, as her separate property, exempt from any liability for the debts or contracts of the husband." Pub. Laws, 1844, Chap. 117.

This act gave married women the right to hold property in their own name, and a subsequent act passed in 1852, gave them the right to dispose of it, namely:

"Sec. 1. Any married woman who is or may be seized and possessed of property, real or personal, as provided for in the Acts to which this is additional, shall have power to lease, sell, convey and dispose of the same, and to execute all papers necessary thereto in her own name, as if she were unmarried, and no action shall be maintained by the husband of any such married woman for the possession or value of any property held or disposed of by her in manner aforesaid." Pub. Laws, 1852, Chap. 227.

This Act took effect February 23, 1852. It does not in terms say that married women under the age of twenty-one may sell and dispose of their own property, so that while the disability of coverture had been to a great extent removed, that of infancy might still remain in doubt. But the same Legislature on April 26, 1852, passed another Act that removed in clear and unambiguous terms the disability of infancy. Public Laws 1852, Chap. 291, Sec. 3, provides: "Any married woman under the age of twenty-one years shall, and may exercise, all the rights, privileges and powers enumerated in the several acts now in force, securing to married women their rights in property in the same manner and with the same effect as though she were of full age." The Act of February 23, 1852, was in force at the time of the passage of this last Act and therefore came under its provisions.

Since that date in this State all married women have possessed the same rights regarding the sale of their property whether under twenty-one years of age or over. In the revision of 1857, these statutes were condensed, but the meaning was preserved in these words: "A married woman, of any age, may own in her own right, real and personal estate acquired by descent, gift or purchase" &c., R. S., 1857, Chap. 61, Sec. 1. And the same language unmodified and unamended has been retained in the subsequent revisions. R. S., 1871, Chap. 61, Sec. 1; R. S., 1883, Chap. 61, Sec. 1; R. S., 1903, Chap. 63, Sec. 1. A study therefore of the original Act from which the present statute is derived leads to the inevitable conclusion that the sale of real estate by a married infant is not voidable on the ground of infancy.

We have not overlooked the decision in *Cummings* v. *Everett*, 82 Maine, 260, holding that under R. S., Chap. 61, Sec. 4, a married woman under the age of twenty-one years is not liable on her executory contracts. It is to be observed, however, that that decision depends upon the construction of the language of another section than the one in the case at bar, originally Public Laws 1866, Chap. 52. This read: "Any married woman" &c., and the Court held this to mean any married woman of lawful age. But the attention of the Court was not called to Public Laws 1852, Chap. 291, removing the disability of infancy, nor is it mentioned in the opinion. This omission may have occurred because that Act, although most import-

ant and far reaching, is not included in the annotations of Chap. 61, in the revision of 1857. Had the attention of the Court been called to it, the reason for the change from "any married woman" to "a married woman of any age," in Sec. 1, which seems to have been obscure to the Court, would have been clearly revealed, and the result might have been different. In any event, the opinion in that case must be modified so far as is necessary to be consistent with the principle here announced.

*Judgment for defendant.*