Ralph Crandall, Appellant, v. Coyne Electrical School, Inc., Appellee.

Gen. No. 33,864.

Opinion filed March 11, 1930.

ALBERT E. GRAMMER, for appellant; STEPHEN S. SNYDER, of counsel.

LEOPOLD SALTIEL, for appellee.

Mr. Presiding Justice Barnes delivered the opinion of the court.

This is a suit to recover a tuition fee of $240 paid by plaintiff, when a minor, to defendant. A jury was waived and the issues were submitted to the court upon an agreed state of facts. The finding and judgment were for defendant.

The material facts agreed to are: Plaintiff, when 20 years of age, entered into a written agreement whereby defendant was "to furnish him a course of electrical instruction as taught by it at its school in Chicago," for which he paid $240 tuition fee. He had no parents or legal guardian. He attended defendant's school for approximately 5 weeks, when he left and did not return. He made a demand for the return of the money and disaffirmed the agreement both before and after reaching his maturity and defendant refused to return the money. Defendant is willing, ready and able to carry out its contract.

On such state of facts the court ruled that the contract was valid and "one for necessaries of life," and the real question is whether or not it can be said from such agreed facts that "a course of electrical instruction" is "a necessary."

It was said in *McKanna v. Merry*, 61 Ill. 177: "There is no positive rule by means of which it may be determined what are, and what are not, necessaries. Whether articles are of a class or kind for which infants are liable, or whether certain subjects of expenditure are necessaries, are to be judged of by the court. Whether they come within the particular class, and are suitable to the condition and estate of the infant, is to be determined by the jury as matter of fact." In 22 Cyc. 597, the author says: "The question as to what are necessaries is a mixed one of law and fact," and refers to the case just cited.

It is not questioned that a contract of an infant, is, in general, voidable by him and that he may disaffirm

the same either during or after his minority, whether the contract be executed or executory, and recover the money he has paid thereon. (*Wuller v. Chuse Grocery Co.*, 241 Ill. 398.) But appellee relies on the claim that the contract in question was for a necessary. It is recognized that a proper education is a necessary. But what is a proper education depends on circumstances. (31 C. J. 1079.) A common school education is said to be a necessary in this country. (*Middlebury College v. Chandler*, 16 Vt. 683; *International Textbook Co. v. Connelly*, 206 N. Y. 188.) In the latter case it is said that circumstances, however, may exist where a more liberal education might properly be found a necessary as a matter of fact. It was there sought to apply the word ''necessaries'' to a contract by an infant for a course of instruction in ''Complete Steam Engineering.'' The court held that its application in that case depended on the circumstances and situation in the life of the infant. Holding that the burden of proof was on the party suing on the contract to show what it agreed to provide was a necessary the court said that in the absence of facts of the real circumstances and whether the infant was in a situation to bind himself by a contract for necessaries, the course of instruction contracted for was not a necessary within the meaning of the law.

And so here, we find nothing in the agreed state of facts, in the absence of proof of any other circumstances as to plaintiff's state and condition in life or what was suitable to his condition, estate and needs, that enabled the court to say that ''a course of electrical instruction'' was ''a necessary'' for him, either as a matter of fact or of law. The burden of proof was upon defendant to sustain its plea that such instruction was in the nature of a necessary suitable to the infant. (22 Cyc. 598.) The meager state of facts agreed upon is not sufficient to warrant the court's conclusion.

Accordingly the judgment will be reversed and a judgment entered here against appellee for $240, and interest thereon at the rate of 5 per cent from August 30, 1927, the date when plaintiff began his suit, there being no proof in the record as to the date of the demand for the return of the money.

*Reversed with a finding of fact.*

SCANLAN and GRIDLEY, JJ., concur.

We find that the money sued for and held by appellee is not money given and held for necessaries.