INHABITANTS OF TOWN OF MEXICO
*vs.*
INHABITANTS OF MOOSE RIVER PLANTATION.

Oxford.   Opinion, May 9, 1942.

*Fred E. Hanscom,* Rumford, for plaintiffs.

*Clayton E. Eames,* Skowhegan, for defendants.

Sitting: Sturgis, C. J., Thaxter, Hudson, Manser, Worster, Murchie, JJ.

Manser, J.  On exceptions to the acceptance of a Referee's report. The action is for pauper supplies furnished to Edgar Dayon and his wife by the Town of Mexico beginning November 6, 1939. The only issue involved is whether the plaintiff town was entitled to reimbursement from the defendant, Moose River Plantation, upon the contention that Edgar Dayon had a derivative pauper settlement therein.

Edgar Dayon was born in May 1909. At that time, his parents lived in Jackman, Maine, but in 1916 moved to Moose River Plantation. These places adjoin and are organized plantations.

The Jackman Lumber Co. had a place of business in Jackman and a large saw mill in Moose River Plantation. The father, variously called Napoleon and Paul Dayon, was employed by this concern as a locomotive fireman, it appearing that the Lumber Co. operated a short line of railroad for its own purposes in transporting materials between its mill and its place of business.

In 1925, the mill burned and was not rebuilt. The family then moved away and the father did not acquire a pauper settlement in any other town before his son, Edgar Dayon, became of age in 1930. It is conceded that the father received no pauper supplies from 1916 to 1925. It is also admitted that Edgar Dayon has not acquired a pauper settlement in his own behalf since he became of age in 1930 for two reasons, that he has received pauper supplies at intervals since 1933, and has not lived for five years continuously in any one town.

If the father lived continuously in Moose River Plantation from 1916 to 1925, without receiving pauper supplies, he thereby acquired a pauper settlement which would constitute the derivative settlement of Edgar Dayon, his minor son, and which would continue to be the settlement of Edgar Dayon until he had acquired one himself after he became of age. R. S.,

c. 33, § 1, Par. II and V, as amended P. L. of Maine 1935, c. 186.

The question of fact presented, however, was whether the father did live continuously for more than five years in Moose River Plantation. It is not disputed that another fire occurred at the Jackman Mill in 1920, which caused considerable destruction of buildings and also seriously damaged machinery. For a period from at least August 1920 to March 1921, the plant was being rehabilitated and was not being operated for business. There were, however, a number of employees who remained to assist in the reconstruction. Defendant introduced evidence tending to show that the Dayon family moved back to Jackman after the fire occurred, and lived in a house owned by the father until the plant was put into operation in the spring of 1921. There was testimony from a grocer and his clerk that groceries were delivered to the family in Jackman during that period. On the other hand, Mrs. Gilbert, a daugh-. ter of Mr. Dayon, who was married in 1920, testified that she was then living with her husband, Fred Gilbert, in Moose River and remained there until 1926; that her father also continued to live in Moose River after the first fire and remained at work for the Jackman Lumber Co.

This testimony presented a disputed question of fact. Neither the pauper nor any other relative testified.

It is evident that the Referee decided from the evidence that continuity of the residence of the Dayon family in Moose River Plantation was interrupted by removal to the town of Jackman for a considerable period of time in 1920 and 1921.

The only other issue which could then arise is stated in *Moscow* v. *Solon,* 136 Me., 220, 7 A. (2d), 729, and *Ripley* v. *Hebron,* 60 Me., 379, to the effect that when a man leaves a town and has no habitation there, there is no presumption that he intends a temporary absence and has a continuing purpose to retain it as his home, nor, on the other hand, is there any presumption that he has no such intention. The burden, however, is upon the party setting up the five years' continuous residence, to prove it. It must be shown affirmatively that

the legal home remained there, notwithstanding the absence. In this case, however, there was no attempt to offer such proof because the plaintiff insisted that there had been no absence, temporary or otherwise, but instead an actual physical continuous residence in Moose River Plantation.

It was the province of the Referee to determine the facts, and the reasonable inferences and conclusions to be drawn therefrom. There was credible evidence to support his decision, and thus finality is reached. *Hovey* v. *Bell*, 112 Me., 192, 91 A., 844.

*Exceptions overruled.*