NORMAN SPAULDING, PRO AMI

*vs.*

NEW ENGLAND FURNITURE CO.

Somerset.   Opinion, January 2, 1959.

*Walter R. Harwood,* for plaintiff.

*Berman & Berman,* for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, DUBORD, SIDDALL, JJ.

SIDDALL, J. This is an action brought by an infant under the age of twenty-one years to recover the sum of $388.00 paid to the defendant under the terms of a conditional sales agreement. The defendant pleaded the general issue. The agreement covered a number of items of household goods and furnishings purchased by the plaintiff from the defendant. The goods were repossessed by the defendant upon default of payment, and the contract was disaffirmed by the plaintiff. At the time of executing the conditional sales contract on October 24, 1955, the plaintiff was married and living with his wife and child, and this action was brought during the plaintiff's minority. Among the articles included in the conditional sales agreement were a "Florence stove" and a "three pc. bedroom set." The separate cost of the various articles did not appear in the conditional sales agreement, but it was shown by evidence that the Florence stove was a combination gas and oil stove for which a charge of $309.95 had been made, and that the charge for the bedroom set was $299.85. The total cost of all of the items, including certain service charges, was $1431.09. The plaintiff made numerous payments under the agreement, and it was stipulated during the course of the hearing before the referee that the amount of such payments was $388.00. No payment was credited to any particular item.

The case was referred with rights of exceptions on questions of law reserved to both parties.

R. S., 1954, Chap. 185, Sec. 2, reads as follows:

"**Capacity; liabilities for necessaries.**—Capacity to buy and sell is regulated by the general law concerning capacity to contract, and to transfer and acquire property.

Where necessaries are sold and delivered to an infant, or to a person who by reason of mental incapacity or drunkenness is incompetent to contract, he must pay a reasonable price therefor.

> Necessaries in this section mean goods suitable to the condition in life of such infant or other person, and to his actual requirements at the time of delivery. (R. S. c. 171, Sec. 2.)"

The referee found for the plaintiff in the sum of $388.00.

The referee found as a matter of law that the sales agreement was an "entire" contract as distinguished from a "severable" contract, and also made the following finding of fact:

> "Upon the record is it held that the goods in question were not 'necessaries.' This Court does not purport to say that a stove and a bed are not necessaries, but that as applied to this case, a $309.95 combination gas and oil stove and a $299.85 bed room set were not necessaries."

The defendant seasonably objected to the referee's report on the following grounds:

> "1. The Referee having expressly excluded from his finding the issue of whether or not the articles in question were necessaries, but finding that the combination gas and oil stove and the bedroom set were not necessaries, simply because of the price for which they were sold, committed error, in that there was no evidence in the record upon which the Referee could make such finding and therefore it constituted a finding without evidence.
>
> 2. The Referee having failed to find that a combination gas and oil stove and a bedroom set sold to the plaintiff in this case could have been purchased for less money, and there being no evidence in the case on this issue, the finding by the Referee that simply because of the price for which these two items were sold by the defendant to the plaintiff were not necessaries, constituted a finding wholly unsupported by the evidence and therefore is error.

3. The Court having expressly excluded from his finding the issue of whether or not articles of furniture sold by the defendant to the plaintiff were or were not necessaries, committed error as it was the duty of the Referee to make a general finding upon this issue and to rule thereon: the failure of the Referee so to do constituted error.

4. In view of the Court's express failure to find that the items in question were not necessaries for the plaintiff and his family, committed error in basing his finding and ruling purely upon the price charged by the defendant to the plaintiff for the items involved, and since there was no evidence to show that these items were either overcharged or could be obtained for less money, or that similar items of equal utility could have been purchased for less money, the finding constitutes error and is wholly without support by the evidence."

The referee was correct in ruling that the conditional sales contract was an entire contract. No question as to this ruling is raised by defendant's objections.

The rule is well established under our law that findings of fact by referees under rule of court are final and conclusive if there is any evidence of probative value to support them. *Knowlton* v. *John Hancock Life Ins. Co.*, 146 Me. 220; 79 A. (2nd) 581; *O'Brien* v. *Marston,* 145 Me. 394, 74 A. (2nd) 879; *Flood* v. *Earle, Jr.,* 145 Me. 24, 71 A. (2nd) 55; *Morneault* v. *B. & M. Railroad,* 144 Me. 300, 68 A. (2nd) 260; *MacNeill Real Estate Inc.* v. *Rines, et al.,* 144 Me. 27, 64 A. (2nd) 179; *Bradford* v. *Davis,* 143 Me. 124, 56 A. (2nd) 68.

A referee's report is prima facie correct, and the burden is upon the excepting party to show that findings of fact contained therein are not sustained by the evidence. *Poretta* v. *Dowel Co.,* 153 Me. 308; *Wood* v. *Balzano,* 137 Me. 87, 15 A. (2nd) 188; *Hovey* v. *Bell,* 112 Me. 192, 91 A. 844.

One who defends a minor's suit to disaffirm a contract and to recover the amount paid thereon has the burden of proving that the articles sold were necessaries.

"In a suit by a minor to rescind a contract the burden is on the defendant to show that the article was a necessary." *Robertson* v. *King* (Ark.) 280 S. W. (2nd) 402 (1955).

See also *Barnes* v. *Rebsamen Motors, Inc.*, 24 Ark. 791, 255 S. W. (2nd) 961; *Crandall* v. *Coyne Electrical School*, 256 Ill. App. 322.

What are necessaries?

Our court in *Kilgore* v. *Rich*, 83 Me. 305, 306, 22 A. 176, said:

". . . Coke's enumeration of the kinds of necessaries has always been accepted as true doctrine, which are these: 'Necessary meat, drink, apparel, necessary physic, and such other necessaries, and likewise his good teaching, or instruction, whereby he may profit himself afterwards."

In *Utterstrom* v. *Kidder*, 124 Me. 10, 12, 124 A. 725, our court elaborated further upon the meaning of the term "necessaries" in the following language:

"A minor is bound by and cannot disaffirm his contract for necessaries such as food, clothing, lodging, medical attendance, and instruction suitable and requisite for the proper training and development of his mind. *Kilgore* v. *Rich*, 83 Maine, 305; *Robinson* v. *Weeks*, 56 Maine, 102. While the term 'necessaries' is not confined merely to such things as are required for bare subsistence, and is held to include those things useful, suitable and necessary for the minor's support, use and comfort, it is limited in its inclusion to articles of personal use necessary for the support of the body and improvement of the mind of the infant, and is not extended to articles purchased for business purposes, even though the minor earns his living by

the use of them, and has no other means of support."

For a further discussion of this subject see *Nielson* v. *Textbook Company,* 106 Me. 104, 75 A. 330; *Reed Bros.* v. *Giberson,* 143 Me. 4, 54 A. (2nd) 535; 27 Am. Jur. 758; 43 C. J. S. 187.

In the instant case the plaintiff was married and living with his wife and child at the time of the delivery of the articles set forth in the conditional sales contract. He was obliged to support his family. Although an infant, he was liable for the value of necessaries furnished to him for his family.

Whether or not the articles set forth in the conditional sales contract were necessaries was a fact for the referee to determine. The determination of this question involved the interpretation of the testimony as to the financial situation of the plaintiff, the social position and condition in life of the plaintiff and his family, their requirements and needs, the nature and quality of the articles furnished and their adaptability to the needs of the plaintiff and his family, and his supply, if any, from other sources. Articles which may be necessities for one family may well be luxuries for another. The record contains considerable testimony on this aspect of the case.

In its objections the defendant contends that the referee expressly excluded from his findings the issue of whether or not the articles in question were necessaries. We do not so interpret the report of the referee. As we view the report, the referee specifically found that the goods sold were not necessaries.

The defendant also claims that the referee found that the stove and bedroom set were not necessaries simply because of the price for which they were sold. We are discussing this claim briefly, although it may not be necessary to do so

in view of our interpretation of the referee's report. It is well known that in the modern markets there are available for purchase stoves ranging from the common iron kitchen stove to the most modern electrical appliances, and that the price range of such stoves varies greatly. It is also well known that there is great variety in the quality of bedroom furniture either in individual pieces or in bedroom sets, and the price to be paid therefor varies accordingly. The same is true as to refrigerators, living room sets, washing machines, and other articles of furniture. "In making rational and logical deduction from the known facts, both judges and referees may use their own common sense and need not pretend that they do not know that which everyone else knows and which they themselves know outside of court." *Hersum, Admr.* v. *Water Dist.,* 151 Me. 256, 264. The defendant's claim in this respect has no merit.

The defendant in his objections also complains that there was no evidence in the case that the stove and bedroom set could have been purchased for less money, or that they were overcharged or could have been obtained for less money, or that similar items of equal utility could have been purchased for less money. Such evidence was unnecessary and immaterial and had no bearing on the question of whether or not these articles were necessaries.

Whether the articles sold to the plaintiff were necessaries was for the referee to determine. He found they were not necessaries. His finding was justified by the evidence. The action of the presiding justice in overruling the defendant's objections was proper.

The entry will be

*Exceptions overruled.*