ERIC F. UHL
*vs.*
OAKDALE AUTO COMPANY

Androscoggin.   Opinion, May 15, 1961.

*Ronald A. Hart,* for plaintiff.

*Thomas E. Day, Jr.,* for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, DUBORD, SIDDALL, JJ.

SIDDALL, J.   On Appeal.   This is an action of trover brought under the old rules of court by writ dated November 19, 1959.   The case was heard by the court below without a jury upon an agreed statement of facts.

The plaintiff bought an Oldsmobile automobile from the defendant and turned over to the defendant as a part of the purchase price a Ford automobile which was the subject matter of the trover suit. After credit had been given for the agreed value of the Ford automobile, the balance of the purchase price was payable in monthly installments. The plaintiff at the time of the transaction was a married male under the age of twenty-one years of age. Later, the Oldsmobile was repossessed by the assignee of the conditional sales contract and turned over to the defendant. The Ford car was repaired and sold by the defendant. After attaining his majority the plaintiff brought an action of trover against the defendant for the value of the Ford car. The court ruled that under the provisions of R. S., 1954, Chap. 166, Sec. 35, the plaintiff could not disaffirm the sale, and found for the defendant. Under the new Maine Rules of Civil Procedure, then in force, the plaintiff appealed. The only issue presented by the appeal is whether or not the plaintiff upon attaining his majority had the right to disaffirm the sale of the Ford car.

That portion of R. S., 1954, Chap. 166, Sec. 35 pertinent to the issue in this case reads as follows:

"A married person, widow or widower of any age may own in his or her own right real and personal estate acquired by descent, gift or purchase; and may manage, sell, mortgage, convey and devise the same by will without the joinder or assent of husband or wife; but such conveyance without the joinder or assent of the husband or wife shall not bar his or her right and interest by descent in the estate so conveyed."

The plaintiff contends that the foregoing statutory provision does not remove the right of disaffirmance of a contract on the part of a married male under the age of twenty-one years, and he cites the recent case of *Spaulding* v. *New England Furniture Co.*, 154 Me. 330, 147 A. (2nd) 916.

This was an action brought under the old rules of court by a married male minor to recover money paid by him upon a conditional sales contract. The case was heard by a referee who found for the plaintiff. Objections to the acceptance of the referee's report were filed by the defendant. The objections were overruled, and the report was accepted by the court below. The defendant filed exceptions. Under the old rule 21, objections to the acceptance of a referee's report must specifically set forth the grounds of objections, and these only shall be considered by the court. The question of the applicability of the statute was not raised in the objections filed by the defendant in that case. The sole issue before this court on the pleadings, as asserted by both parties in their briefs and arguments, was whether the articles involved in this case were "necessaries" within the meaning of the Uniform Sales Act, R. S., 1954, Chap. 185, Sec. 2, and the general law of infants. The case was argued and decided upon that issue alone, and the decision has no bearing on the issue raised in this case.

A review of the history of the statute in question may be helpful. At common law, upon marriage, a husband and wife, in legal contemplation, became one person, and that person was the husband. A married woman was incapable of binding herself by contract or of acquiring or disposing of property. The first statutory modification of the common law occurred in 1844. (P. L., Chap. 117.) Under this legislation a married woman was given the right to hold property in her own name. By P. L., 1852, Chap. 227, a married woman seized and possessed of property, real or personal, was given the power to lease, sell, convey, and dispose of the same, and to execute all papers necessary therefor in her own name, as if she were unmarried. At the time this act was in force, the legislature passed an act (P. L., 1852, Chap. 291, Sec. 3) which provided that "Any married woman *under the age of twenty-one years* shall have, and may exercise, all the rights, privileges and powers

enumerated in the several acts now in force, securing to married women their rights in property in the same manner and with the same effect as though she were of full age." These legislative provisions, and others, relating to the rights of married women, were consolidated in R. S., 1857, Chap. 61. The pertinent portion of Sec. 1 of that statute reads as follows:

> "A married woman, of any age, may own in her own right, real and personal estate acquired by descent, gift, or purchase; and may manage, sell, convey, and devise the same by will, as if sole, and without the joinder or assent of her husband;"

This provision, in the same language, with the exception of the omission of the words "as if sole" is found in all subsequent revisions of our statutes to and including R. S., 1944, Chap. 153, Sec. 35.

The provisions of R. S., 1944, Chap. 153, Sec. 35 were amended by P. L., 1951, Chap. 375, Sec. 2 by the addition of language by which the section applied to a "married person, widow, or widower." Sec. 35 was also amended by P. L., 1953, Chap. 43, Sec. 4, by adding the word "mortgage" to the other provisions of the section. With these two amendments, the pertinent provisions of the legislation are as they appear in that portion of R. S., 1954, Chap. 166, Sec. 35, above set forth.

In 1914 this court decided the case of *Fields* v. *Mitchell*, reported in 112 Me. 368, 92 A. 292. In that case the plaintiff, a married female under the age of twenty-one years, conveyed certain premises to the defendant's predecessor in title. After becoming twenty-one years of age, the plaintiff brought a real action to recover the real estate. The issue in the case was whether the plaintiff could disaffirm the sale and recover the real estate after arriving at the age of twenty-one years. The decision called for the construction

of R. S., 1903, Chap. 63, Sec. 1 (now, as amended, R. S., 1954, Chap. 166, Sec. 35). On page 370 the court said:

> "Since that date [1852] in this State all married women have possessed the same rights regarding the sale of their property whether under twenty-one years of age or over. In the revision of 1857, these statutes were condensed, but the meaning was preserved in these words: 'A married woman, of any age, may own in her own right, real and personal estate acquired by descent, gift or purchase' &c., R.S., 1857, Chap. 61, Sec. 1. And the same language unmodified and unamended has been retained in the subsequent revisions. R.S., 1871, Chap. 61, Sec. 1; R.S. 1883, Chap. 61, Sec. 1; R.S., 1903, Chap. 63, Sec. 1. A study therefore of the original Act from which the present statute is derived leads to the inevitable conclusion that the sale of real estate by a married infant is not voidable on the ground of infancy."

R. S., 1954, Chap. 166, Sec. 35, was in derogation of the common law and must be strictly construed. The legislation did not purport to remove *all* disabilities of a married male under twenty-one years of age. We are concerned solely with the question of whether or not the plaintiff, in view of this legislation, can, on the ground of infancy, legally disaffirm the sale of personal property made by him to the defendant.

In the *Fields* case the issue was whether a married female under the age of twenty-one years of age could disaffirm the sale of real estate. In this case the issue is whether a married male under the age of twenty-one years of age may disaffirm the sale of personal property. The principle involved in both cases is the same. We hold that under the statute the plaintiff had no right to render void the sale of the Ford automobile by disaffirmance after becoming of age, solely on the ground of infancy.

As bearing on the question of legislative intent in interpreting the provisions of R. S., 1954, Chap. 166, Sec. 35, the plaintiff refers to R. S., 1954, Chap. 119, Sec. 2. This latter statute provides that no action shall be maintained on any contract made by a minor, with certain exceptions immaterial here, unless the contract is ratified in writing after the minor arrives at the age of twenty-one years. This legislation was originally enacted in 1845. (P. L., 1845, Chap. 166.) It does not apply to suits brought *by* an infant. *Whitman* v. *Allen,* 123 Me. 1, 5, 121 A. 161. This statute is modified by R. S., 1954, Chap. 166, Sec. 35 in suits brought *against* a married person under the age of twenty-one years in those cases in which the infant may make legal binding contracts by virtue of the provisions of said section 35.

The ruling of the court below that the plaintiff could not avoid the sale to the defendant was correct.

The entry will be

*Appeal denied.*