STATE OF MAINE

WALDO, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-02-034
DHM- WAL -3/11/2003

MELISSA WOODBURY,
o/b/o of Anthony Woodbury,

Plaintiff

v.

HAMMOND LUMBER CO.,
et al.,

Defendants

DONALD L. GARBRECHT
LAW LIBRARY

MAR 14 2003

DECISION AND ORDER

STATE OF MAINE
WALDO COUNTY
SUPERIOR COURT

MAR 11 2003

RECEIVED AND FILED
Joyce M. Page, Clerk

This matter is before the court on motion of defendant Hammond Lumber Co. to dismiss plaintiff's complaint for failure to state a claim on all requests by plaintiff for recovery seeking medical expenses incurred by the minor, Anthony Woodbury.

Plaintiff Melissa Woodbury brings this suit on behalf of her minor son, Anthony Woodbury, against C.B. Mattson, Inc. ("Mattson"), Hammond Lumber Company ("Hammond"), and Unity Family Housing Associates ("Associates").

On July 17, 1995, Plaintiff Anthony Woodbury ("Anthony"), age three, was playing on a playground for tenants at the residential apartment building where he lived with his mother. Anthony fell to the ground from a rung of the ladder on the slide, sustaining a skull fracture, a subdural hematoma, and loss of permanent cognitive function.

Plaintiff contends that American Playground Device, Co. sold defective and unreasonably dangerous playground equipment to Hammond who, in turn, sold the equipment to Mattson and to Associates. Further, Plaintiff contends that the accident occurred due to the negligent and unreasonable design, warnings, layout, construction, and maintenance of the playground slide. Plaintiff brings the following five counts:

Strict Products Liability pursuant to 14 M.R.S.A. § 221; Breach of Warranty; Negligence; Premises Liability/Heightened Duty to Children; and Melissa Woodbury's individual claims under Count V for Loss of Consortium and Negligent Infliction of Emotional Distress to a Bystander.[1] Among these counts, Plaintiff also seeks recovery for medical expenses.

Hammond moves to dismiss Plaintiff's complaint on the grounds that neither Melissa nor Anthony may recover medical expenses.

A motion to dismiss pursuant to M.R. Civ. P. 12(b)(6) "tests the legal sufficiency of the allegations in a complaint, not the sufficiency of the evidence the plaintiffs are able to present." *Barnes v. McGough*, 623 A.2d 144, 145 (Me. 1993). In ruling on a Rule 12(b)(6) motion to dismiss, the court should "consider the material allegations of the complaint as admitted and review the complaint in the light most favorable to the plaintiffs to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiffs to relief pursuant to some legal theory." *Bussell v. City of Portland*, 1999 ME 103, ¶ 1, 731 A.2d 862. "A dismissal is appropriate only when it appears beyond doubt that a plaintiff is entitled to no relief under any set of facts that he might prove in support of his claim." *Dexter v. Town of Norway*, 1998 ME 195, ¶ 7, 715 A.2d 169, 171. The legal sufficiency of a complaint is a question of law. *Sargent v. Buckley*, 1997 ME 159, ¶ 10, 697 A.2d 1272, 1275.

The legal issue at hand is whether a minor can ever recover medical expenses in a personal injury action. Defendant Hammond moves to dismiss all claims for medical expenses because the statute of limitations has expired. Defendant further argues that,

---

[1] Count V, which includes both of Melissa Woodbury's claims (Loss of Consortium and Negligent infliction of Emotional Distress), was dismissed per order of the court dated November 25, 2002. The court determined that Count V was barred by the six-year statute of limitations.

even if this court were to adopt exceptions to this general rule, as done by several other jurisdictions, no exception applies. Plaintiff opposes the motion to dismiss.[2]

Maine has not examined this issue in any great detail. Maine law is clear that two claims accrue within the same cause of action where there is tortious injury to a minor: one allowing the minor to recover for personal injury, and another allowing a parent or guardian to recover for medical expenses incurred in treating the minor's injuries. *See, e.g., Roberts v. Tardif,* 417 A.2d 444, 447 (Me. 1980); *Ross v. Russell,* 142 Me. 101, 48 A.2d 403 (1946); *Strout v. Polakewich,* 139 Me. 134, 27 A.2d 911 (1942); *Gendron v. Gendron,* 144 Me. 347, 69 A.2d 668 (1949). Generally, the parent of a minor child injured by another is entitled to recover reasonable medical expenses in treating the child's injury. *See Roberts,* 417 A.2d at 452. This claim belongs to the parent because the parent is obligated to pay the medical expenses, and the parent thus incurs damage by making such payments. *Id.* at 452-453. Additionally, it is clear that there is a 6-year statute of limitations for all civil actions. 14 M.R.S.A. § 752 (1980).

This case was filed on September 10, 2002 regarding an incident of July 16, 1995. To be within the statute of limitations, the case would have had to be filed by July 17, 2001 – more than a year before the actual filing. Research shows no cases where a minor may recover medical expenses after the parents' claim for those expenses is barred by the statute of limitations. In fact, other jurisdictions specify that such recovery is not permitted once the parent's claim for medical expenses is barred by the statute of limitations. See, e.g., *Garay v. Overhottzer,* 631 A.2d 429 (Md. 1993); STEIN,

---

[2] Plaintiff opposes the motion to dismiss, alleging only that the minor has the right to recover medical expenses under 14 M.R.S.A. § 853 and M.R. Civ. P. 17(b). However, § 853 simply tolls the statute of limitations for claims that the minor is entitled to bring; the point of Defendant's motion is that the minor is not entitled to bring a claim for medical expenses. *See* 14 M.R.S.A. § 853. Further, Rule 17(b) simply permits actions to be brought on behalf of minors prior to the minor's reaching majority; it does not permit a parent's independent claim to be transferred to a minor in an attempt to circumvent the expired statute of limitations. *See* M.R. Civ. P. 17(b).

3

JACOB A., *Damages and Recovery in Personal Injury and Death Actions*, § 228 at 473 (1972). Maine law is silent as to any exceptions or variations on this general rule.

However, other jurisdictions clearly provide exceptions whereby the minor is able to recover medical expenses. See, e.g., *Garay*, 631 A.2d 429; *Hutto v. BIC Corp.*, 800 F.Supp. 1367, 1372 (E.D.Vir. 1992). Those jurisdictions allow a minor to recover pre-majority medical expenses if (1) the minor has paid or agreed to pay the expenses; (2) minor is legally responsible for payment by virtue of emancipation, or death or incapacity of the parents; (3) the parent has waived or assigned his right of recovery in favor of the minor; or (4) recovery of expenses by the minor is permitted by statute.

*Garay* expanded the above exceptions to include the Doctrine of Necessaries as applied to minors. The court conceded that the doctrine of necessaries is sufficient to hold a minor liable for medical expenses incurred by the minor if it can be shown that his parent is unwilling or unable to pay them; such liability, in turn, gives a right to the minor to claim medical expenses on his own behalf because medical expenses to treat injuries qualify as "necessaries." *Id.* at 445. In sum, *Garay* determined that if a minor can show that he or his estate either has paid or will be individually responsible to pay for medical expenses due to (1) emancipation, (2) death or incompetence of his parents, (3) as necessaries for which his parents are unable or unwilling to pay, or (4) by operation of statute, then the minor is entitled to bring a claim for those damages. *Id.* at 446-447. *Garay* held that the court below erred in dismissing the complaint, because the claim for medical expenses belongs to the minor if the minor can show that his estate has paid or is responsible to pay for any pre-majority medical expenses. *Id.* Other jurisdictions have also applied the Doctrine of Necessaries to allow a minor to recover medical expenses. *See, e.g., Cole v. Wagner*, 197 N.C. 692, 150 S.E. 339 (1929); *Scott County Sch. Dist. v. Asher*, 263 Ind. 47, 324 N.E.2d 496 (1975).

4

Only one *Garay* exception applies to the present case. Plaintiffs have not alleged that Anthony has paid or agreed to pay medical expenses; there is no allegation that Anthony is legally obligated to pay due to his emancipation or the death or incapacity of his mother; his mother has asserted no waiver or assignment of her rights to recover to Anthony; and no statute permits deviation from the general rule.[3] However, due to its application of the Doctrine of Necessaries, *Garay* held that the lower court improperly dismissed the minor's claim for medical expenses because the minor may still be able to show that his parents were unwilling or unable to pay those expenses. *Garay*, 631 A.2d at 445. If the minor is able to make such a showing, he has a right to recover medical expenses on his own behalf. *Id.*

This court believes that the Doctrine of Necessaries is well rooted in Maine law and provides a circumstance wherein the minor could be liable for his medical expenses upon reaching majority. "A minor is bound by and cannot disaffirm his contract for necessaries such as food, clothing, lodging, medical attendance, and instruction suitable and requisite for the proper training and development of his mind." *Spaulding v. New England Furniture*, 154 Me. 330, 147 A.2d 1916 (1959) citing *Kilgore v. Rich*, 83 Me. 305, 22 A. 176 (1891); *Robinson v. Weeks*, 56 Me. 102 (1868). *See also* 33 M.R.S.A. § 52: "No action shall be maintained in any contract made by a minor, unless he, or some person lawfully authorized, ratified it in writing after he arrived at the age of 18 years, except for *necessaries* or real estate of which he has received a title and retains the benefit." (Emphasis supplied). Whether the minor can show that he will be individually responsible to pay for medical expenses under the Doctrine is a question of fact. Here,

---

[3] Even if Plaintiff tried to assign her claim for medical expenses to Anthony at this time, that claim would be barred. Most courts have held that a parent's assignment to the minor for the right to recover pre-majority medical expenses remains subject to any defense that may have been raised against the parents, such as the statute of limitations. *See Roberts v. Sisters of St. Francis Health Servs., Inc.*, 556 N.E.2d 662, 670-71 (Ill. Ct. App. 1990); *Rose v. Hamilton Med. Ctr.*, 361 S.E.2d 1, 2 (Ga. App. 1987).

as in *Garay*, the minor may still show that his mother is either unable or unwilling to pay his medical expenses, thereby constituting a right to recover medical expenses himself. "A dismissal is appropriate only when it appears beyond doubt that a plaintiff is entitled to no relief under any set of facts that he might prove in support of his claim." *Dexter v. Town of Norway*, 1998 ME 195, ¶ 7, 715 A.2d 169, 171.

The entry will be:

Defendant's motion to dismiss is DENIED.

Dated: March __10__, 2003

Donald H. Marden
Justice, Superior Court

MELISSA WOODBURY  - PLAINTIFF OBO

Attorney for: MELISSA WOODBURY
PETER CLIFFORD
HODSDON & CLIFFORD
56 PORTLAND ROAD
KENNEBUNK ME 04043

SUPERIOR COURT
WALDO, ss.
Docket No   BELSC-CV-2002-00034


**DOCKET  RECORD**

ANTHONY WOODBURY  - MINOR PLAINTIFF
Attorney for: ANTHONY WOODBURY
PETER CLIFFORD
HODSDON & CLIFFORD
56 PORTLAND ROAD
KENNEBUNK ME 04043


vs
C B MATTSON INC - DEFENDANT

Attorney for: C B MATTSON INC
MARTICA DOUGLAS
DOUGLAS DENHAM BUCCINA & ERNST
103 EXCHANGE ST
PO BOX 7108
PORTLAND ME 04112


Attorney for: C B MATTSON INC
CHRISTINE KENNEDY-JENSEN
DOUGLAS DENHAM BUCCINA & ERNST
103 EXCHANGE ST
PO BOX 7108
PORTLAND ME 04112


HAMMOND LUMBER COMPANY - DEFENDANT

Attorney for: HAMMOND LUMBER COMPANY
JAMES M BOWIE
THOMPSON & BOWIE
THREE CANAL PLAZA
PO BOX 4630
PORTLAND ME 04112-4630


UNITY FAMILY HOUSING ASSOCIATES - DEFENDANT

Attorney for: UNITY FAMILY HOUSING ASSOCIATES
JAMES C HUNT
ROBINSON KRIGER & MCCALLUM
12 PORTLAND PIER
PO BOX 568
PORTLAND ME 04112-0568


Filing Document: COMPLAINT                    Minor Case Type: OTHER NEGLIGENCE
Filing Date: 09/10/2002

**Docket  Events:**