HAROLD SHEA *vs*. J. GIRARD HERN.

CHARLES W. GILLIAM *vs*. J. GIRARD HERN.

DORIS E. GILLIAM *vs*. J. GIRARD HERN.

FRANCES H. THOMPSON *vs*. J. GIRARD HERN.

MERLE L. THOMPSON *vs*. J. GIRARD HERN.

Cumberland.     Opinion, February 2, 1934.

*Edward W. Bridgham*, for plaintiff Shea.
*Ellis L. Aldrich*, for plaintiffs Gilliam and Thompson.
*William B. Mahoney*, for defendant.

SITTING: PATTANGALL, C.J., DUNN, STURGIS, BARNES, THAXTER, JJ.

THAXTER, J. These five cases were tried together before a jury, which rendered a verdict for the plaintiff in each case. They are now before this court on the defendant's exceptions and general motions for new trials.

The plaintiffs, Harold Shea, Doris E. Gilliam and Frances H. Thompson, sue for personal injuries J. Girard Hern, the operator of an automobile in which they were passengers. Charles W. Gilliam, the father of Doris, seeks to recover for medical expenses, incurred in the care of his daughter, and compensation for the loss of her services. Merle L. Thompson claims damages for loss of consortium of his wife, Frances, and for expenses in attempting to cure her of her injuries. Except in the case of Miss Gilliam the injuries suffered were serious and the damages assessed large, but the sole issue before us is the liability of the defendant.

Hern owned a Peerless roadster, which he was driving just after midnight of August 11, 1932, over the bridge between Bailey's Island and Orr's Island. He was proceeding in a northerly direction toward Orr's Island. Seated beside him was Miss Gilliam, next to her was Shea, and Mrs. Thompson sat on Shea's lap. The bridge is approximately a quarter of a mile long, and slopes gradually downward from the center toward each end. There is a slight curve to the right in the bridge at the north end, and as traffic leaves it here to continue over Orr's Island, the road bends first to the right and then to the left. The plaintiffs, as well as the defendant, were fully acquainted with the road, and in fact had driven over it several times on the night of the accident.

It seems to be conceded that the defendant drove his car over the southerly part of the bridge in a careful manner, and that as he approached Orr's Island he increased his speed. Mrs. Thompson and Miss Gilliam say slightly. Shea, and two pedestrians who were on the north end of the bridge, testify that as the car left the bridge it was going between forty and fifty miles an hour. The defendant himself states that his speed was much less than that, and he is corroborated by another witness who was near at hand. The defendant made the first bend to the right, but in attempting to turn to the left, at a point about three hundred feet from the bridge, the car went off the road; the right wheels travelled about forty-five feet through the grass; and it was finally stopped, when it struck with great force a pole, which was a little over two feet on the right of the travelled part of the highway.

## The Exceptions

The defendant's first exception is to the refusal of the presiding Justice to direct a verdict for him. The motions raise the same question, and it is accordingly unnecessary to discuss this exception.

The second exception is to the refusal to give an instruction requested by defendant's counsel on the duty of a gratuitous passenger. The exception is not argued, and it is perhaps sufficient to say that the law is correctly stated in the charge, which includes an important qualification not present in the requested instruction.

Exceptions three, four and five are not seriously pressed. They are to the refusal to give certain instructions, and to the charge as given relative to the evidence necessary to rebut the presumption of negligence arising from the fact that the automobile went off the road. The defendant contends that any explanation offered is a sufficient rebuttal. The presiding Justice was correct in ruling that the explanation must be a reasonable one with as much probative force as the inference itself: *Edwards* v. *Cumberland County Power & Light Co.*, 128 Me., 207, 146 A., 700; *Humphrey* v. *Twin State Gas & Electric Co.*, 100 Vt., 414, 139 A., 440.

The sixth exception is to that part of the charge wherein the presiding Justice discusses the doctrine of *res ipsa loquitur*. The use of this presumption has been fully discussed by this court.

*Chaisson* v. *Williams*, 130 Me., 341, 156 A., 154. It was there carefully pointed out that the mere fact of the happening of an accident is not evidence of negligence, but that the character of the accident may be such as to impose on the defendant the burden of an explanation. The Court said at page 346: "Where an automobile, and the operation thereof, are exclusively within the control of the defendant, whose guest is injured, and it is not reasonably in the power of such guest to prove the cause of the accident, which is one not commonly incident, according to every-day experience, to the operation of an automobile, the occurrence itself, although unexplained, is *prima facie* evidence of negligence on the part of the defendant. *Res ipsa loquitur*, the thing speaks for itself. The question of the defendant's negligence arises as a matter of law."

If such doctrine is held inapplicable to accidents resulting from the operation of automobiles, and if evidence must be offered in every instance not only to prove that an accident has happened but why it happened, many plaintiffs may fail to establish their cases where the inference of negligence is clear. It is common knowledge that many automobile casualties occur without apparent reason. Injury may result from mere inattention on the part of an operator of a car, from his fleeting glance to left or right, which can not be detected by those seated beside him and of which he himself may be almost unconscious, from his failure to call into use those mental processes which control the action of eyes and hands and feet. For such lapses, incapable of accurate determination, an injured person is not without a remedy.

We do not understand, however, that the defendant takes issue so much with the law as laid down in *Chaisson* v. *Williams*, supra, but rather with its relevancy to this case. It is perfectly true that where nothing is left to inference the doctrine of *res ipsa loquitur* does not apply. 20 R. C. L., 188. With this principle in mind the defendant argues that this accident happened because of the excessive speed of the defendant's automobile, and that accordingly it was prejudicial error for the court to charge on the rule of *res ipsa loquitur*. The declarations, however, in four of the cases allege negligence in general terms,—that the accident happened because of the "careless, negligent and improper conduct of the defendant

in his control and operation of said automobile." In the fifth case there are five counts, some general, but one of which sets out excessive speed. Whether the automobile went off of the road because of unreasonable speed at the turn, or because of the inattention of the defendant, or by reason of his failure to keep it under proper control, was left to the jury to determine. If the jury discovered no specific act of negligence, they had the right to infer it from the circumstance that the car was driven off the road. In this respect the case is no different from *Chaisson* v. *Williams*, supra. Neither by alleging in the alternative a definite act of negligence, nor by offering proof of it, did the plaintiffs forfeit their right to rely on the doctrine of *res ipsa loquitur. Humphrey* v. *Twin State Gas & Electric Co.*, supra, page 424. The charge of the presiding Justice made it manifestly clear that this presumption of negligence would arise only in case the jury should determine that negligent speed was not a proximate cause of the accident. The charge was definite on this point and stated the law correctly.

## The Motion

The basis of the defendant's argument on the motion is that his speed was excessive, that this constituted negligence and was a proximate cause of the accident. But he says if he was negligent, it necessarily follows that the plaintiffs, who were passengers, were also negligent and that therefore their recovery is barred. There are several answers to this contention.

A judicial admission is binding on the one making it. It is not necessarily so on the adverse party. An admission of fact against the interest of a party does not preclude the introduction of evidence by the opposing side to show the details of the picture relied upon to establish liability. *Dunning* v. *Maine Central Railroad Co.*, 91 Me., 87, 97, 39 A., 352. So here an admission of excess speed does not prevent the plaintiffs from showing that it was of such a character that responsibility for it rested on the operator of the car and not on the passengers.

Furthermore there was evidence in this case from which the jury would have been justified in finding that something other than negligent speed was the cause of the accident. The testimony as to speed is very conflicting; and the defendant as a witness claimed

that his speed was reasonable. Such being the case, he can not by an admission of that particular brand of negligence, which he now regards as most favorable to himself, prevent the plaintiffs from proving negligence in some other form.

But beyond all this, assuming that excessive speed in making the turn was the cause of this accident, it was not for the court to determine that the passengers had not used due care. Excessive speed by the driver does not preclude recovery by the passenger. The question is whether, in view of the particular circumstances, there was a duty on the part of these passengers to have warned the driver. They were not obliged to assume control over the management of the car, and their failure to warn is not negligence if such warning would have been futile. *Dansky* v. *Kotimaki*, 125 Me., 72, 76, 130 A., 871; *Peasley* v. *White*, 129 Me., 450, 152 A., 530.

In this instance all agree that the speed over the bridge was reasonable. It is only in approaching the end that anyone suggests that it was excessive. From the end of the bridge to the spot where the car went off the road was but a hundred yards. At the rate of thirty-five miles an hour this would have been covered in six seconds. The failure under these circumstances of a passenger to act on such short notice can not be held negligence as a matter of law. Moreover, reductions in the speed of an automobile can be made in fractions of a second, and why should these passengers be charged with the failure to anticipate that the driver, who knew this road, would not, as he rounded the bend, instinctively by the mere pressure of his brake reduce the speed so that the turn could be made in safety? To charge them under the conditions here presented with negligence would be in effect to make them responsible for the actual operation of a car, over which they had no practical control.

*Exceptions overruled.*
*Motions overruled.*