ANNIE SYLVIA *vs.* SAMUEL ETSCOVITZ.

Aroostook.     Opinion, January 16, 1937.

*Herschel Shaw,*
*G. C. Gray,* for plaintiff.
*Herbert E. Locke,*
*W. S. Brown, Jr.,* for defendant.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MANSER, JJ.

MANSER, J.    On exceptions to a directed verdict for the defendant. The action is one of negligence to recover for injuries sustained by the plaintiff while riding in an automobile operated by the servant of the defendant. The plaintiff was employed in the defendant's home as a maid. By request of the defendant she accompanied his children upon an automobile trip in a car operated by

his chauffeur. Etscovitz was in the business of buying and selling automobiles, had sold the car in question in the preceding April and had taken it back the day the accident occurred. He made a personal inspection and test. He stated that it was in good mechanical condition, including particularly the steering gear and brakes, and the tires were practically new. After driving about eight miles under favorable conditions on a fair day in August with a good road and no traffic in sight, at a moderate rate of speed, the car suddenly left the right hand side of the road and crashed into a cement abutment causing the physical injuries sustained by the plaintiff.

. If nothing more were shown the doctrine of *res ipsa loquitur* would apply. Given a car in good operating condition, in the control of the defendant's servant, which suddenly leaves the road and crashes into an obstacle, the occurrence itself is prima facie evidence of negligence. It is one which in the ordinary course of events does not happen if due care has been exercised.

Counsel for defendant do not question the applicability of this rule under such circumstances. There was, however, further testimony. On the part of the plaintiff, it was to the effect that immediately before the happening of the accident she asked the driver for a cigarette; that he reached in his pocket and passed her one. The driver, one Brown, called by the plaintiff, related the same incident, stating that he lifted the cigarette from his shirt pocket with his left hand, and gave it to the plaintiff. In direct examination this witness stated that he did not know what happened to cause the accident. In cross-examination he said that he knew of no mechanical trouble with the car until it turned sharply to the right and the steering gear seemed to be locked, or "froze" just before the moment of impact and he was unable even with the use of great strength to control it; that the car travelled the very short distance of three to five feet before it struck the abutment. Several witnesses for the defense, besides the defendant, and including his salesman, the man who formerly owned the car, and the driver all testified that they had driven the car just prior to the accident and the steering gear was apparently in perfect condition and the tires were good. The defendant, interrogated as to the condition of the

car after the accident, was asked the question, "You say the tire was cut and the rim was bent? A. Yes, where the wheel struck the cement abutment."

The question for decision is whether a verdict for the defense was properly ordered.

> "It is a well established rule of procedure in this State, resting for foundation on the axiomatic principle that prevention is better than cure, that a verdict may and should be directed for either party when, giving the evidence introduced full probative value, it is plain that a contrary verdict could not be sustained. When only one inference can be drawn from the evidence by reasoning and reasonable men, the question is one of law and not of fact." *Weed* v. *Clark*, 118 Me., 466, 109 A., 8, 9.

However,

> "Ordinarily care and negligence are questions of fact, and this is so, even if the circumstances attending it are agreed to or admitted, or are undisputed, when reasonable and fair minded men may arrive at different conclusions." *Water Co.* v. *Steam Towage Co.*, 99 Me., 473, 59 A., 953, 958.

The narration of testimony as to incidents connected with the accident, leads to the inquiry whether, under the foregoing rule, there were any questions of fact or differing inferences from asserted facts which might be drawn by reasoning men.

The defendant contends, *inter alia*:

(1) That the plaintiff herself knew nothing as to the cause of the accident and that she testified to no negligent act of the driver connected with the passing to her of the cigarette.

(2) Any imputation of negligence from the cigarette incident would be merely conjecture or surmise.

(3) If this act in its essence be negligent, the plaintiff can not complain because she requested it.

As to the first contention, the plaintiff did show that the car was under the control and management of the defendant's servant; that the accident was one unusual, uncommon and unlikely to happen with the exercise of ordinary care, and unless satisfactorily explained, such as would justify an inference of negligence on the part of the driver. As to the second, if the imputation of negligence made by the plaintiff amounted only to conjecture, then it would not destroy the presumption already existing.

The answer to the last hypothesis is that the jury might conclude the plaintiff had a right to assume that an act such as the passing of a cigarette is commonly performed by experienced drivers while engaged in the operation of a car and may be expected to be accomplished without hazard. It is a matter of common knowledge that the driver may remove one hand from the steering wheel to open a window, to adjust a rear-vision mirror, to turn on the lights or radio, to light a cigar or do many things of like nature and still continue to properly manage and control the operation of the car.

The principal claim of the defendant is that the driver has given an explanation of the occurrence which removes conjecture, puts the case within the realm of pure accident, removes all question of negligence, and renders inapplicable the *res ipsa loquitur* doctrine. He asserts as a demonstrated fact that one tire was punctured before the accident and this caused difficulty with the steering apparatus.

Does the evidence in this respect reach the importance so confidently asserted of a proven fact, or is it but the reasoning developed upon adroit questioning of one naturally desirous of exonerating himself from blame for a serious accident and ready to adopt favorable suggestion, although not in consonance with his previous statement that he knew not what caused the accident? Especially so, when contrasted with an inference of possibly equal force that the tire was cut when the front wheel was doubled up and the edge of the fender forced against the tire by the impact.

Our Court has so recently passed upon and elaborated the principle of *res ipsa loquitur* and its application that repetition is unnecessary. *Chaisson* v. *Williams*, 130 Me., 341, 156 A., 154; *Edwards* v. *Power & Light Co.*, 128 Me., 207, 146 A., 700; and *Shea* v. *Hern*, 132 Me., 361, 171 A., 248, 249.

Granted that before explanation the circumstances in this case brought it within the purview of the rule, then, as stated in a nut shell in the last case cited *supra*,

"The explanation must be a reasonable one with as much probative force as the inference itself."

This may be coupled with the further observation of the Court in that case:

"It is common knowledge that many automobile casualties occur without apparent reason. Injury may result from mere inattention on the part of an operator of a car, from his fleeting glance to left or right, which cannot be detected by those seated beside him and of which he himself may be almost unconscious, from his failure to call into use those mental processes which control the action of eyes and hands and feet. For such lapses, incapable of accurate determination, an injured person is not without a remedy."

Enough has been set forth as to the record in this case to require the conclusion that there were questions of fact and inferences which might be drawn by reasoning minds which would justify a verdict for the plaintiff, and hence, exceptions to one directed for the defendant must be sustained.

*So ordered.*