PIERRETTE GENDRON, PRO AMI

*vs.*

ROGER GENDRON

---

FLORIA GENDRON

*vs.*

ROGER GENDRON

Oxford.    Opinion, November 17, 1949.

*John G. Marshall,* for plaintiffs.

*William B. Mahoney,*
    *and*
*Theodore Gonya,* for defendant.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.

THAXTER, J.   We are concerned here with two cases, one brought by Pierrette Gendron, a minor, who seeks to recover damages against her brother, Roger Gendron, for personal injuries suffered because of his alleged negligence while she was a passenger in his automobile when the car driven by him left the highway and crashed into a telephone pole; the other brought by her father, who was also a passenger, to recover for hospital bills, for expenses for medical care and treatment, and for loss of income of his minor daughter, all of which expenses and loss were occasioned by the accident.   A jury returned a verdict of $6,000 for the daughter and $2,000 for the father.   Both cases are before us on general motions for new trials.

The parties on April 11, 1948 were returning from a trip to Canada in the defendant's automobile.   The defendant was driving, next to him on the front seat was his sister, Pierrette, and next to her on the outside was a younger brother.   The father, Floria, was asleep on the back seat. When near Bethel the car suddenly left the road without warning and struck a pole beside the road.   Pierrette was severely injured.   It had been raining on the way back with intermittent snow flurries in Vermont.   It is not clear whether there was any snow on the road, but the testimony indicates that there was not.   There is not a suggestion that it was icy.   When the accident happened at about half past eleven it was dark and raining.   The conditions were typical of what would be encountered in this area in the early spring.   Counsel for the defendant argue that the car skidded.   The evidence does not support such allegation. The plaintiff, Pierrette, says in her written statement that the car skidded and went off the road, but from her whole

testimony it is apparent that this was a mere conclusion instead of a statement of fact. She obviously did not know just what did happen. The skidding of the automobile even if it did happen would not necessarily constitute a defense. It would still be a question for the jury whether under the conditions the defendant was driving with due care. But the evidence establishes fairly conclusively that the car did not skid. Albert G. Grover, a deputy sheriff, testified that after the accident he saw the wheel tracks of the car and that they went in a straight line, forty feet from the road to the pole, and his testimony is uncontradicted.

If there were no explanation of what caused the car to leave the road, the rule laid down in *Chaisson* v. *Williams,* 130 Me. 341; 156 A. 154; *Shea* v. *Hern,* 132 Me. 361; 171 A. 248;*Sylvia* v. *Etscovitz,* 135 Me. 80; 189 A. 419, would apply. The rule is stated in *Chaisson* v. *Williams, supra,* page 346, as follows:

> "Where an automobile, and the operation thereof, are exclusively within the control of the defendant, whose guest is injured, and it is not reasonably in the power of such guest to prove the cause of the accident, which is one not commonly incident, according to everyday experience, to the operation of an automobile, the occurrence itself, although unexplained, is *prima facie* evidence of negligence on the part of the defendant. *Res ipsa loquitur,* the thing speaks for itself."

But to sustain the jury's verdict it is not necessary to rely on the doctrine of *res ipsa loquitur.* There was ample evidence from which the jury could have found that the defendant fell asleep at the wheel. He told the deputy sheriff who investigated the accident that he fell asleep, and he gave the same explanation to his sister and his father. There is nothing in the evidence to show any other reason for the accident. If the defendant was asleep there is sufficient to warrant an inference of negligence. The Connecticut court has in our opinion stated the rule correctly

in *Bushnell* v. *Bushnell,* 103 Conn. 583, 592; 131 A. 432, 435; 44 A. L. R. 785, 791, as follows:

> "In any ordinary case, one cannot go to sleep while driving an automobile without having relaxed the vigilance which the law requires, without having been negligent; it lies within his own control to keep awake or cease from driving; and so the mere fact of his going to sleep while driving is a proper basis for an inference of negligence sufficient to make out a prima facie case, and sufficient for a recovery, if no circumstances tending to excuse or justify his conduct are proven."

It is argued in support of the motions that the damages are excessive. In so far as the father's case is concerned, he has spent $750.35 in medical and hospital bills and incidentals. After his daughter graduated from high school in June she was unable to go to work until the following January. During that period she lost in wages approximately $650 to which her father would have been entitled, and there was evidence from which a jury would have been justified in finding that he would have to pay further medical bills and that her earning capacity during her minority may be less than it would have been if she had not been injured. We cannot hold that the verdict in favor of the father is unreasonable.

She was awarded $6,000. She was in bed eight weeks in the hospital and was unable to walk for another month after she got home. She could not work until the following January. Her pelvis was fractured and she had great pain and discomfort for a considerable time, and there is evidence of changes in the sacro-iliac joint and in the spine which may cause permanent trouble. On these facts which are not in serious dispute, we certainly cannot say that the sum awarded by the jury is manifestly excessive.

*Motions overruled.*