Merrimack,
No. 5194.

ATLEE F. ZELLERS, *Adm'r*

*v.*

ALAN S. CHASE, *Ex'r.*

Argued January 7, 1964.
Decided January 31, 1964.

*Hall, Zellers, Morse & Gallagher* (*Mr. Atlee F. Zellers* orally), for the plaintiff.

*George P. Cofran* and *L. Wilder Quint* (*Mr. Quint* orally), for the defendant.

BLANDIN, J. The underlying question here is whether, on the evidence, reasonable persons could return a verdict for the plaintiff. The facts are undisputed. The plaintiff's intestate, Beulah G. Jackman, was riding with a friend, Nellie S. Chase, the defendant's intestate, in a car owned and operated by Mrs. Chase, on the smooth, dry Mt. Kearsarge dirt road, on a pleasant afternoon in late September. They were traveling down a moderately inclined straight stretch, although there was a curve just above the scene of the accident, and were approaching a right angle turn some forty-five feet beyond where the car finally stopped. There were no other automobiles or obstacles involved. Mrs. Chase's small French bulldog was tied by its leash to the steering post in the front of the automobile.

Mrs. Chase, aged eighty-two years, was in good health, and her regular physician, who had seen her about two months before the accident, testified that there was no sign of any heart trouble or other ailment which might result in a "sudden seizure." Although there were no eye witnesses as to just what happened, the indisputable physical facts demonstrated that she lost control of her car, which went off the left side of the road, up a steep bank, hit a tree stump, turned over twice, and came to rest on its wheels in the middle of the highway and crosswise of it. The crash was heard by a witness who lived nearly a third of a mile away, and the vehicle was a wreck, with the doors so jammed that they had to be pried open. Mrs. Chase was killed instantly and Mrs. Jackman died four days later.

There was testimony from a state trooper who investigated the accident and also from another witness that the tracks of the car were plainly visible for several hundred feet above the scene of the crash. There was no evidence that the brakes were applied, but the dirt was thrown back into the wheel marks, so it appeared that the automobile had been accelerating for some two hundred feet before it left the road. An examination made afterwards disclosed that the brakes and steering gear were in good working order, and there was no evidence of any mechanical failure which would account for the tragedy.

In the absence of any claim of contributory negligence, the crucial question now arises as to whether on these facts reasonable persons can say that it is more likely than not that Mrs. Chase's negligence caused or helped to cause the accident. *Sargent* v. *Alton*, 102 N. H. 476; Prosser, Torts (2d ed.), *s.* 42, *p.* 204. In passing upon this, we must consider the evi-

dence and all reasonable inferences therefrom in the light most favorable to the plaintiff. *Plume* v. *Couillard*, 104 N. H. 267, 268; see also, *Leonard* v. *Manchester*, 96 N. H. 115, 117. Although the plaintiff has the burden of proof (*Standard &c. Ins. Co.* v. *Cloutier*, 92 N. H. 449, 451), all this means is that he must make it appear "a little more probable than otherwise that the [accident] was caused by the defendant's negligence." *Bresnahan* v. *Company*, 88 N. H. 273, 275. Although there were no eye witnesses to the accident, this is not fatal to the plaintiff's case if a reasonable inference of the defendant's negligence may be drawn from all the evidence. *Emery* v. *Company*, 89 N. H. 165; *Bohan* v. *Company*, 98 N. H. 144, 146-147; 1 Wigmore, Evidence (3d *ed.*), ss. 25-26; see also, 7 *Id., s.* 2081 a.

It is obvious that in implementing the foregoing principles each case must stand upon its own particular facts. The citation of myriad decisions from this or other jurisdictions, whether they are said to rest upon the rule of *res ipsa loquitur* or upon ordinary negligence, can serve no useful purpose. See Annot. 79 A.L.R. 2d 6; see also, *Gendron* v. *Gendron*, 144 Me. 347. We believe that the sensible test is that if, on the basis of common experience, it is not unreasonable to infer that the accident in the circumstances disclosed would not have happened without the negligence of the driver, a verdict for the plaintiff is warranted. *Gangi* v. *Adley Express Co.*, 318 Mass. 762. The driver was under a duty to keep her vehicle under control, to maintain an adequate lookout, and to drive at a speed which was reasonable under existing circumstances. 7 Am. Jur. 2d 900. The likelihood that the accident was attributable to a cause not involving negligence was not so great that the inference of negligence could not reasonably be drawn. 2 Harper & James, The Law of Torts, *s.* 19.4, *p.* 1073. Here the defendant, in good health, on a fair day, was driving downgrade on a dry, smooth dirt road. So far as appears she had no other vehicles or distracting objects in the road to contend with, and her car was in good running order. We believe the jury could find in all the circumstances that the automobile would not have careened off the left-hand side of the road, up a steep bank, and into a stump unless the driver was traveling too fast or was careless in some other manner. *Bresnahan* v. *Company*, 88 N. H. 273, 275.

It follows that the plaintiff's exception to the Court's granting

the defendant's motion for a directed verdict and for judgment notwithstanding the verdict is sustained.

A final question raised by the defendant's exception to the admission of the trooper's opinion that the wheel marks indicated that the defendant's car had been accelerating for some distance before it went off the road, does not require extended consideration. Although this witness did not claim to be an expert, his duty was to investigate accidents. He was on the scene shortly after the occurrence and saw the tire tracks while they were still fresh and plain. We do not believe it must be held the Court abused its discretion in finding that the trooper's opinion might aid the jury. *Dowling* v. *Shattuck*, 91 N. H. 234; *Paine* v. *Hampton Beach &c. Co.*, 98 N. H. 359, 365-366. The defendant's exception to the admission of this testimony is therefore overruled.

What we have said renders unnecessary consideration of other issues and the order is

> *Plaintiff's exceptions sustained; defendant's exceptions overruled; judgment on the verdict.*

All concurred.