Helen C. BLACK

v.

Martha B. GOODRICH.

Supreme Judicial Court of Maine.

Jan. 12, 1968.

Paul Rudman, Bangor, for plaintiff.

David A. Nichols, Camden, for defendant.

Before WILLIAMSON, C. J., and WEBBER, TAPLEY, MARDEN, DuFRESNE and WEATHERBEE, JJ.

MARDEN, Justice.

On appeal. The complaint is for property damage and alleges (1) that the plaintiff was the owner of a certain automobile, (2) that the defendant drove the automobile of the plaintiff in a negligent manner, (3) that the plaintiff's automobile "did strike a certain telephone pole" with resultant damage in the amount of $1865.00, and (4) that the plaintiff was in the exercise of due care.

Defendant answered as being without knowledge or information as to (1), denied the allegations in (2) and (3), and admitted allegation in (4).

Plaintiff filed a request under Rule 36 M.R.C.P. seeking admissions 1) that the plaintiff owned the car in question which was operated by the defendant on the date involved, and 2) that the defendant "was the operator of said motor vehicle when it left the highway and struck a telephone pole." This request for admissions brought no

response from the defendant and under the rule "each of the matters of which an admission is requested" are deemed admitted.

No order originating in the pre-trial conference on the case appears, but at the opening of the hearing before the single Justice a stipulation is recited "that the issues would be narrowed to that of the issue of the negligence of the defendant and the damage to plaintiff's motor vehicle."

At hearing, plaintiff called the defendant as a witness and solicited from her identification of a photograph of the car which she was driving on the date in question, which identification was made, but failed to elicit responses to establish that the photograph of the car represented it as it appeared following the accident and succeeded only in securing admission that the picture represented the car after the accident as it looked to the witness "from a distance".

In proof of damage, plaintiff called a motor vehicle repairman to identify the reference picture as fairly representing the automobile owned by plaintiff, as he saw it on the day following the accident, which witness was permitted, over objection, and on a *de bene* basis, to give his opinion as to the fair market value of the vehicle before and after the accident, and that the repair bill amounted to $1873.85. The witness professed no independent knowledge of the condition of the car before the accident.

The plaintiff was awarded damages in the amount of $1873.85 from which defendant appealed, claiming error (a) in finding the defendant guilty of negligence, and (b) the amount of damage.

The legal relationship between the plaintiff-owner and defendant-driver was neither pleaded nor proved, and from the stipulation announced by the court at time of hearing, such relationship was neither then nor now an element of the case. The sole issue here is whether the single Justice erred in imposing upon the defendant liability due to negligence, and awarding damages in the amount stated above.

The parties concede that if liability is to be established, it must be established under the doctrine of *res ipsa loquitur*, and from the admitted fact that the defendant was operating plaintiff's motor vehicle "when it left the highway and struck a telephone pole."

Assuming, for the purposes of this case, but without so holding, that the fact alone of the vehicle's departure from the highway and collision with a utility pole makes the doctrine available to the plaintiff, an essential element is still lacking.

"The rule applies where the accident is unexplained and the instrument causing the injury was *under the management and control of the defendant*, * * *. If plaintiff fails to prove the elements of *res ipsa loquitur* she cannot prevail." Corbett v. Curtis, Me., 225 A.2d 402 [2–7] 405, 406, and cases cited.

The admission that the defendant was the operator of the vehicle when it left the road and struck the telephone pole does not necessarily equal "management and control." The presence of other persons in the car was not excluded.

This phase of the *res ipsa loquitur* doctrine is stated in Restatement of the Law, Torts 2nd § 328 D where it announces that inference of negligence on the part of the defendant is permissible when "(b) other responsible causes, including the conduct of the plaintiff and third persons, are sufficiently eliminated by the evidence; * * *." The pleadings concede due care on the part of the plaintiff, but conduct of third persons within the car is not eliminated.

The evidence as to damage to the plaintiff's car, admitted *de bene*, was not subsequently justified by valid evidence of

the condition of the car before the accident. The damages were not proved.

Appeal sustained.

TAPLEY, Justice (concurring).

The only evidence in this case the court below had before it, as to liability, was "That the Defendant, Martha B. Goodrich, was the operator of said motor vehicle when it left the highway and struck a telephone pole." This statement was contained in a request for admissions under Rule 36, M.R.C.P. This request was not answered, therefore the admission that defendant was operating the car became evidence.

Counsel for their respective parties, plaintiff and defendant, in their briefs argued the doctrine of *res ipsa loquitur*.

The opinion states:

"Assuming, for the purposes of this case, but without so holding, that the fact alone of the vehicle's departure from the highway and collision with a utility pole makes the doctrine available to the plaintiff, an essential element is still lacking."

There is strong case law in Maine supporting the doctrine of *res ipsa loquitur* under circumstances analogous to those obtaining in the instant case. Chaisson v. Williams, 130 Me. 341, 156 A. 154 (automobile left road and struck a stump); Shea et als. v. Hern, 132 Me. 361, 171 A. 248 (car left road striking a pole); and Corbett v. Curtis, Me., 225 A.2d 402 (car suddenly veered off a bridge dropping into a brook).

I see no occasion to assume, but not hold, that the doctrine is available under the circumstances of this case. Had there been evidence affecting "management and control" this Court would have, no doubt, embraced the doctrine and applied it to this case. I feel that the assumption tends to weaken the doctrine of *res ipsa loquitur*. In my view the case fails because one of

the essential elements of *res ipsa loquitur* was not proven.

In all other respects I concur with this opinion.

WEBBER, J., joins.