**George GILLISON, et al.**

v.

**Afton FARRIN, Jr., et al.**

Supreme Judicial Court of Maine.

Argued Sept. 10, 1993.

Decided Oct. 21, 1993.

Gordon E. Stein (orally), Damariscotta, for plaintiffs.

Marshall J. Tinkle (orally), Portland, for defendants.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

ROBERTS, Justice.

Plaintiffs George and Judith Gillison appeal from a judgment entered against them in the Superior Court (Lincoln County, *Brennan, J.*) for damages and injunctive relief on a nuisance counterclaim brought by defendants Afton Farrin, Jr., and Michael Farrin. We affirm the judgment.

In 1987 the Gillisons built a new wharf between their existing wharf and the Farrin Wharf in South Bristol. Due to the manner in which the Gillisons used the new wharf, the Farrins experienced difficulty and delay getting to and from their wharf, and on occasion Afton Farrin was unable to exit his wharf at all. As a result, for five years the Farrins lost profits from commercial fishing, as well as wharfage fees, and suffered inconvenience and annoyance.

At trial the Farrins alleged that the use of the Gillison wharf constituted a private nuisance. The trial court allowed the Gillisons to respond by introducing in evidence the fact that state and federal agencies had issued permits to build the wharf. The permits themselves, as well as agency officials'

testimony relating to them, were excluded on the ground of relevance.

The Gillisons contend that the trial court's ruling was in error. We disagree. Evidence is relevant only if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." M.R.Evid. 401. The court allowed the Gillisons to present evidence that permits existed, but correctly noted that the mere fact of a permit generally does not bar a claim for private nuisance. "A thing may be lawful in itself, and yet become a nuisance through negligence in the maintenance or use of it." *Foley v. H.F. Farnham Co.*, 135 Me. 29, 30, 188 A. 708 (1936); *see also* 38 M.R.S.A. § 372 (1989) (state agency permit is not a defense to "any action at law for damages"). Given that neither these particular permits nor the testimony relating to them addressed the central issue in the case—whether the Gillisons' *use* of their wharf was unreasonable—the proffered evidence was not only irrelevant but also likely to confuse the jury and therefore was properly excluded. *See* M.R.Evid. 403.

 The Gillisons further contend that the trial court erred in refusing their request for a new trial or remittitur. They argue that because the Farrins obtained permanent injunctive relief following trial, that portion of the jury award representing future damages must be returned. The function of a remittitur, however, is to remove the "unlawful excess" from an award, and therefore damages may be reduced only to the maximum amount a jury rationally could have awarded. *Nyzio v. Vaillancourt*, 382 A.2d 856, 861 (Me.1978). The trial court's denial of a motion for new trial based on excessive damages is reviewed only for abuse of discretion. *C.N. Brown Co. v. Gillen*, 569 A.2d 1206, 1209 (Me.1990).

At trial the Farrins offered evidence of lost profits, as well as of the inconvenience and annoyance they suffered for five years. The court properly instructed the jury that damages in a nuisance case may include all of those elements. *See Pettingill v. Turo*, 159 Me. 350, 357, 193 A.2d 367 (1963) (measure of damages); *Brown v. Watson*, 47 Me. 161, 163 (1859) (recovery for "trouble and loss of time"); *Restatement (Second) of Torts* § 929(1)(c) (1979). Although the Farrins presented evidence of both past and future damages, the verdict form did not distinguish between the two, simply reflecting a total award of $115,000. Considering both lost profits and inconvenience and annoyance, the entire amount was supported by competent evidence and therefore may not be disturbed. *Bourette v. Dresser Indus.*, 481 A.2d 170, 174 (Me.1984). The trial court acted within its discretion in denying the request for remittitur.

We have examined the Gillisons' remaining claims of error and find them to be without merit.

The entry is:

Judgment affirmed.

All concurring.