### Deborah and Michael GILMORE

v.

### CENTRAL MAINE POWER CO., et al.

Supreme Judicial Court of Maine.

Submitted on Briefs March 31, 1995.
Decided Sept. 29, 1995.

---

Peter B. Bickerman, Roger Katz, Lipman & Katz, P.A., Augusta, for plaintiff.

Cathy S. Roberts, Thompson & Bowie, Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

LIPEZ, Justice.

Central Maine Power Co. [hereinafter CMP] appeals from the judgment entered in the Superior Court (Kennebec County, *Alexander, J.*) denying its motion for a new trial. Because we conclude that the court did not abuse its discretion in denying CMP's motion, we affirm the judgment.

The Gilmores were injured in a July 1988 accident in which their car was struck from behind by a van driven by a CMP employee acting in the course and scope of his employment. Deborah suffered a cervical sprain affecting her mid-back, neck and shoulder. Michael sustained both cervical and lumbar sprains.

The Gilmores filed a complaint against CMP for the personal injuries. CMP stipulated to liability and a jury trial took place solely on the question of damages. During the trial in which they were represented by separate counsel, Deborah and Michael Gilmore testified to the events leading up to the accident and the impact of the injuries on their lives. The chiropractor who treated the Gilmores testified to the nature and extent of their injuries. Other witnesses testified to Deborah's level of activity both prior and subsequent to the accident. CMP called no witnesses. The jury awarded $60,000 to Deborah Gilmore and $37,000 to Michael Gilmore. CMP moved for a new trial. The court denied the request and this appeal followed.

### Discussion

■ CMP argues for a new trial because of comments made by the plaintiffs in closing argument which CMP characterizes as comments about the wealth and power of the company. A reference to a corporation's wealth and power is improper argument. 75A AM.JUR.2D *Trial* § 653 (1991). Such remarks, however, do not always require reversal. *Duke v. American Olean Tile Co.*, 155 Mich.App. 555, 400 N.W.2d 677, 681 (1986) (citing *Reetz v. Kinsman Marine Transit Co.*, 416 Mich. 97, 330 N.W.2d 638 (1982)). If the jury was not influenced by the remarks or if their prejudicial effect was dissipated by a later curative instruction, the ruling of the court denying a new trial will not be dis-

turbed. *Norlin Music, Inc. v. Keyboard "88" Inc.*, 425 A.2d 74, 76 (R.I.1981). The trial court who heard the remarks in the context of the entire trial is in the best position to gauge the reaction of the jury to them. *Grant v. Warren Bros. Co.*, 405 A.2d 213, 218 (Me.1979).

### Unpreserved claims of error

■ CMP did not preserve its claims of error for the comments now cited on appeal, with one exception.[1] These unpreserved claims of error include two comments to which there were sustained objections, but for which CMP requested no further relief than was granted by the court.[2] In the absence of any further request by CMP, the company is deemed to have acquiesced to the curative approach taken by the court. *State v. Conner*, 434 A.2d 509, 511 (Me.1981), including later instructions that are intended to cure any prejudice that might result from the comments of counsel. We thus review those claims only for obvious error affecting substantial rights. M.R.Evid. 103(d); *Miller v. Szelenyi*, 546 A.2d 1013, 1018 (Me.1988). We find none.

To the extent that one of the statements about which CMP complains makes the point that a jury should treat a large corporate defendant just like any other defendant, it is proper.[3] *Adkins v. Aluminum Co. of America*, 110 Wash.2d 128, 750 P.2d 1257, 1265,

*modified*, 756 P.2d 142 (Wash.1988). The remaining comments cited by CMP, if error, do not constitute obvious error.

### Cumulative effect of comments

■ If improper comments about the wealth and power of a corporation are repeated constantly, the error can become incurable and require reversal. *Reetz*, 330 N.W.2d at 646. The comments in this case do not rise to that level. *See, e.g., Duke v. American Olean Tile Co.*, 400 N.W.2d at 681 (counsel's remarks held improper as tending to inflame prejudice of jurors where he referred to company's executives as sitting in "plush paneled corporate offices" and "sitting at the country club" having lunch with no concern for its customers; that money talks and that, though the executives might be snickering now, they would not be doing so if the jury returned a substantial verdict against the corporation); *Babcock v. Chesapeake & O. Ry. Co.*, 83 Ill.App.3d 919, 38 Ill.Dec. 841, 852, 404 N.E.2d 265, 276 (Ill. App.Ct.1980) (statements to effect that case "involves a seven-year old child pitted against the entire railroad, against all of their personnel, against all of their train crew, and against anyone and everyone who stands behind the entire railroad). Moreover, the court gave a number of instructions to the jury which mitigated the effects of any

---

1. In referring to the absence at trial of the CMP employee who struck the Gilmores' car, defense counsel stated:
   MR. KATZ: And she's told you that she didn't *think it was important enough* to even have him here.
   MS. ROBERTS: Objection.
   THE COURT: Overruled.
   If this ruling was error, it was harmless error. M.R.Civ.P. 61.

2. Counsel for Michael Gilmore stated in closing argument:
   MR. SHARON: But picture, if you will, a wonderful building designed especially for CMP. It's intricately constructed of the finest material *that money can buy.* You park your car in a well-lit parking area, you come down the elevator in the garage, you walk past well-kept lawns, there you see it, it's a beautiful brick building, pleasing lines, windows, smoke glass. You walk through a sliding glass door through a—a marble lobby. You get into an elevator that whispers and whisks you up to 10 floors—
   MS. ROBERTS: I object, Your Honor.

THE COURT: Objections sustained.
   CMP also objected to the following statement:
   MR. KATZ: *They don't want any responsibility for these injuries at all. That's what their position is. It's not a very serious case.* Well, Raymond Hanning who is a named defendant in this case, who is the guy who caused these injuries, he's not even here. He doesn't even care enough to be here to see what happens to these people.
   MS. ROBERTS: Objection, Your Honor.
   THE COURT: Objection sustained. The jury will disregard that comment.

3. Counsel for Deborah Gilmore stated:
   And that's really the beauty of our jury system, is that no matter who wants to come before the courts, whether it's a waitress or a sheetrocker or the biggest power company in Maine, they're all entitled to come before a jury of a cross section of the community....

improper comments. At the beginning of the trial, the court instructed the jurors that the comments of counsel are not evidence. Prior to closing argument, the court instructed the jury not to make an award on the basis of passion, prejudice or sympathy. It also instructed the jury to consider the case as an action between persons or entities of equal worth and standing in the community and that a corporation is entitled to be treated fairly by them.

### Statements characterizing CMP's closing argument

■ CMP claims that plaintiffs' counsel inflamed the jury in closing argument by accusing CMP of branding the Gilmores "liars" in contravention of M.Bar R. 3.7(e)(2)(v).[4] Contrary to CMP's contention, the statements do not violate the plain language of M.Bar R. 3.7(e)(2)(v), which provides in pertinent part:

**(e) Adversary Conduct.**

(2) In appearing in a professional capacity before a tribunal, a lawyer shall not:

(v) Assert a personal opinion as to the justness of a cause, *as to the credibility of a witness* ... but a lawyer may argue, on the lawyer's analysis of the evidence, for any position or conclusion with respect to the matters stated therein;

. . . .

M.Bar R. 3.7(e)(2)(v) (emphasis added). The comments cited by CMP do not refer to the credibility of a witness; they characterize the arguments of counsel. In closing argument, CMP properly highlighted inconsistencies in the evidence presented at trial by the Gilmores. Indeed, its case relied completely on discrediting the Gilmores with such inconsistencies since CMP offered no witnesses of its own. Plaintiffs' counsel merely acknowledged CMP's strategy in closing argument.[5]

### Excessive verdict

■ When a court refuses to grant a new trial on the ground of an excessive damage award, the ruling will not be reversed except for clear and manifest abuse of discretion. *Gillison v. Farrin*, 632 A.2d 143, 144 (Me.1993). In general, we will not substitute our judgment for that of the jury in assessing damages and will not disturb an award unless it is the product of, *inter alia*, bias or prejudice. *Currier v. Cyr*, 570 A.2d 1205, 1210 (Me.1990). An assessment of damages must have some rational basis in the record. *Braley v. Berkshire Mut. Ins. Co.*, 440 A.2d 359, 361 (Me.1982).

■ The jury had before it evidence of special damages totalling $4608.50 for Deborah, including medical bills in the amount of $3558.50, lost wages totalling $450.00 and property damage in the amount of $600.00. The record indicates that Michael sustained $1520 in special damages. Although there is a substantial disparity be-

---

4. CMP preserved its objection to two comments. The first was made during closing argument by counsel for Deborah Gilmore. Counsel stated:

   MR. KATZ: Everything is somebody else's problem except Central Maine Power Company. And you know what else she's saying? The power company is telling you my client is a liar. That she's come in here and she has intentionally told you things that aren't true because they don't match up.
   MS. ROBERTS: Objection, Your Honor.
   THE COURT: Overruled.
   MR. KATZ: Because there are inconsistencies in her testimony and she's not telling you the truth from the witness stand. Well, I'm going to join with my brother at the bar here and tell you I'm proud to represent Deborah Gilmore.

   The other comments at issue were made during closing argument by counsel for Michael Gilmore. He stated:

   MR. SHARON: Michael Gilmore is Michael Gilmore. He was a Michael Gilmore before

the accident, he was a changed Michael Gilmore after the accident. And just because the changes in his life doesn't conform to what CMP believes it should conform to—
   MS. ROBERTS: Objection, Your Honor.
   THE COURT: Overruled.
   MR. SHARON: Just because his life changes don't conform to something they believed they should conform to, just because he has a little joy in his life left, he should get nothing, because he's lying, he's exaggerating and he's faking.

5. In denying CMP's motion for a new trial, the court recognized the nature of the comments when it observed that plaintiffs' counsel "weren't accusing someone else as being liars. They're saying, 'They're [CMP] tryin' to make my client look like a liar.' Isn't that the way it was really—the arguments were really going most of the time?"

tween the amount of special damages and the verdicts returned by the jury, such a disparity alone does not establish that an award of damages is excessive. *Isaacson v. Husson College,* 332 A.2d 757, 763 (Me.1975).

Based on the record, the jury properly could have awarded further damages to Deborah and Michael for pain and suffering as a result of the accident. Both testified to pain at the time of the accident, as well as ongoing discomfort. Deborah suffered a sudden relapse in the fall of 1988; she awoke unable to move her neck and in a great deal of pain. Both of the Gilmores routinely experience pain in the course of performing their jobs. In addition, Deborah testified that she has difficulty completing an ordinary activity such as cleaning her house without fatigue and pain.

The jury could have awarded further damages for the loss of enjoyment of recreational activities. Deborah enjoyed, *inter alia,* ice skating, snowmobiling and hiking prior to the accident. She is no longer able to pursue such activities. Michael loved to snowmobile, fish and hunt. These activities are now difficult for him to pursue.

Given the rational basis for the award of damages, the court did not abuse its discretion in denying CMP's motion for a new trial. As the trial court observed at the hearing on CMP's motion for a new trial, "[t]he awarded damages came well within the parameters of what my experience indicates are damages that are awarded in soft tissue injury type cases."

The entry is:

Judgment affirmed.

All concurring.