1998 ME 195

**Michael DEXTER et al.**

v.

**TOWN OF NORWAY.**

Supreme Judicial Court of Maine.

Argued June 10, 1998.
Decided July 31, 1998.

**170**

Michael J. Schmidt (orally), Wheeler & Arey, P.A. Waterville, for plaintiffs.

Michael E. Saucier, (orally), Thompson & Bowie, Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, DANA, LIPEZ * and SAUFLEY, JJ.

DANA, Justice.

[¶ 1] Michael Dexter and Carla Dexter appeal from the judgment of the Superior Court (Oxford County, *Perkins, A.R.J.*) dismissing pursuant to M.R. Civ. P. 12(b)(6) their complaint against the Town of Norway. The complaint claims that the Town was liable, pursuant to theories of negligent hiring and peculiar risk, for damage to the Dexters' building caused by the negligence of independent contractors hired by the Town to repair that building. Because we cannot conclude to a certainty that the Dexters are entitled to no relief under any set of facts they might prove in support of these claims, we vacate the judgment.

[¶ 2] The Dexters own a building in the Town of Norway. The previous owner of that building had received a block grant from the Town for the purpose of repairing the building, including its roof. After purchasing the building and finding that the roof continued to leak, the Dexters contacted the Town, requesting that it provide necessary additional repairs. The Town agreed to have the problem corrected. The Town arranged to have two contractors repair the roof.[1] During the course of the work, which required the use of propane or acetylene torches by the contractors, the Dexters' building caught fire, resulting in substantial damage to the building and their personal property within.

[¶ 3] The Dexters filed a three-count complaint. Count I asserts that the contractors were negligent in their use of the torches. Count II asserts that the Town is vicariously liable for the contractors' negligence because the work in which the contractors engaged created "a peculiar risk of doing physical harm to the [Dexters'] premises in that [the] activities were inherently dangerous, presenting the risk of fire." Count III asserts that the Town is vicariously liable for the contractors' negligence because it failed to inquire about their experience and areas of expertise, and, as a consequence, hired contractors who were not competent to do the work.

[¶ 4] The complaint alleges that the Town entered into either a written or oral contract with the contractors and that the contractors were not in the business of providing roof repairs, and had informed the Town only that they "could possibly" do the necessary work. Further it alleges that the contractors explained to the Town the nature of the repairs they intended to undertake and, in particular, that the Town was aware that torches were to be used. The complaint contains the conclusory statement that "[t]he use of said torches clearly presented a 'peculiar risk' which [the Town] should have recognized as creating a possibility of a risk, specifically a fire, which could cause damage to [the Dexters'] property."

[¶ 5] The Town filed a motion to dismiss the complaint pursuant to M.R. Civ. P. 12(b)(6), contending that the Dexters failed to state a cause of action under either a peculiar risk or a negligent hiring theory. Following a hearing, and without explanation, the court granted the Town's motion to dismiss. Because the claims against the other defendants still remained for resolution, and in order to seek immediate appellate review, the Dexters filed a motion for final judgment with respect to the claims against the Town pursuant to M.R. Civ. P. 54(b)(1). The court, finding that there was no just reason for delay, granted the Dexters' motion, thus allowing them to appeal to us the court's judgment with respect to the Town, without waiting for resolution of the remain-

---

* Lipez, J., sat at oral argument and participated in the initial conference but resigned before this opinion was adopted.

1. The independent contractors, Quinn Brown Associates, Inc., and Roof Maintenance, Inc., as well as Michael Quinn, Neil Brown, and Gale Bell, who apparently were employees or owners of the two corporations, were also named as defendants in the Dexters' complaint.

ing claims. Concerned that the court's order was insufficient to provide an adequate basis for appellate review, the Dexters' submitted to the court a motion for correction or modification of the record and a proposed modified order certifying as final the claims against the Town. The court granted this motion, adopting the Dexters' modified order.[2]

[¶ 6] The Town contends that the court erred by certifying as final the claims against it. We review the trial court's decision to certify a claim as final pursuant to M.R. Civ. P. 54(b) for an abuse of discretion. *Dravo Corp. v. Regional Waste Systems, Inc.,* 632 A.2d 141, 142 (Me.1993). We look at a variety of factors when considering the propriety of a certification of a claim as final, including:

> the relationship of the adjudicated and unadjudicated claims, the possibility that the need for review may be mooted by future development in the trial court, the chance that the same issues will be presented more than once to the appellate court, the possibility that an immediate appeal might expedite the trial court's work, and miscellaneous factors such as likely delay, economic and solvency considerations, the res judicata effect of a final judgment, and the like.

*Durgin v. Robertson,* 428 A.2d 65, 68 (Me. 1981) (citations omitted). As we have stated previously, "the discretionary judgment of the trial court should be given substantial deference, for that court is most likely to be familiar with the case and with any justifiable reasons for delay." *Id.* (citation omitted). Given the trial court's familiarity with the specifics of this case and the subtle interplay of the numerous factors cited by that court in reaching its decision,[3] we cannot say that the court abused its discretion by certifying the claims against the Town as final.

[¶ 7] Turning to the Rule 12(b)(6) motion, "[a] motion to dismiss tests the legal sufficiency of the complaint." *McAfee v. Cole,* 637 A.2d 463, 465 (Me.1994) (citation omitted). We view the material allegations of the complaint as admitted and "we examine the complaint in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Id.* (citation omitted). A dismissal is appropriate only "when it appears beyond doubt that a plaintiff is entitled to no relief under any set of facts that he might prove in support of his claim." *Id.* (quotation omitted).

[¶ 8] The Dexters contend that they have adequately stated causes of action against the Town pursuant to several sections of the RESTATEMENT (SECOND) OF TORTS for the purpose of surviving a Rule 12(b)(6) motion. In particular, they cite section 411, "Negligence in Selection of Contractor," section 413, "Duty to Provide for Taking of Precautions Against Dangers Involved in Work Entrusted to Contractor," section 416, "Work Dangerous in Absence of Special Precautions," and section 427, "Negligence as to Danger Inherent in the Work."[4] The latter three

---

2. That order provided:

> It is hereby **ORDERED** that based upon the Court's finding that success by the plaintiffs in their appeal against Defendant Norway will revive their case against these defendants, and allow the claims against Defendant Norway to be tried together with the claims against [the contractors] in a single trial, thereby avoiding the necessity of two trials involving the same historical facts, thereby affecting a savings in court and jury time, and making the granting of the plaintiff's motion a manner in which the trial court's work will be expedited. Furthermore, based upon the novel nature of the issues involved which were addressed in Defendant Norway's M.R. Civ. P. 12(b)(6) motion, involving claims of negligent hiring and peculiar activity, which are questions of law, a decision on which may provide guidance in

other cases, it is hereby **ORDERED** that Plaintiff's motion seeking a final judgment under Rule 54(b) is **GRANTED**.

3. See *supra* note 2.

4. The RESTATEMENT (SECOND) OF TORTS provides in relevant part:

> § 7. *Injury and Harm*
> *The words "physical harm" are used throughout the Restatement of this subject to denote the physical impairment of the human body, or of land or chattels.*
> § 411. Negligence in Selection of Contractor
> An employer is subject to liability for physical harm to third persons caused by his failure to exercise reasonable care to employ a competent and careful contractor

sections are alternative theories of liability; the selection of the appropriate one will depend on factual development.

[¶ 9] We begin by noting that we have never adopted these portions of the Restatement, although we have at least made passing reference to them on a few occasions. *See, e.g., Bonk v. McPherson*, 605 A.2d 74, 78 (Me.1992) (referring to RESTATEMENT (SECOND) OF TORTS §§ 409–429 (1965), and stating the general rule that an employer has no vicarious liability for the negligence of an independent contractor); *Mudgett v. Marshall*, 574 A.2d 867, 870 (Me.1990) (discussing applicability of RESTATEMENT (SECOND) OF TORTS §§ 413, 416, and finding that arithmetical calculations conducted by architect did not constitute peculiar danger because this activity did not present a danger to anyone at the time it was undertaken).

[¶ 10] We adopt RESTATEMENT (SECOND) OF TORTS § 411 as setting forth a valid claim pursuant to Maine tort law for the negligent selection of a contractor. We are far less certain whether and under what circumstances we would recognize the doctrine variously described as involving "a peculiar unreasonable risk" (section 413), "a peculiar risk" (section 416) or "a special danger" (section 427). Given the procedural posture of this case and the fact that a trial must proceed against the Town under the

negligent selection of a contractor count, viewing the material allegations of the complaint as admitted and examining the complaint in the light most favorable to the plaintiff, as we must, we cannot conclude beyond doubt that the Dexters are not entitled to relief, pursuant to one of these legal theories, under any set of facts they might prove in support of their claims. *McAfee v. Cole*, 637 A.2d at 465. Accordingly, the grant of the Rule 12(b)(6) motion was legal error.

The entry is:

Judgment vacated. Remanded for further proceedings consistent with this opinion.

---

    (a) to do work which will involve a risk of physical harm unless it is skillfully and carefully done, or
    (b) to perform any duty which the employer owes to third persons
    . . . .

§ 413. Duty to Provide for Taking of Precautions Against Dangers Involved in Work Entrusted to Contractor

One who employs an independent contractor to do work which the employer should recognize as likely to create, during its progress, a peculiar unreasonable risk of physical harm to others unless special precautions are taken, is subject to liability for physical harm caused to them by the absence of such precautions if the employer
    (a) fails to provide in the contract that the contractor shall take such precautions, or
    (b) fails to exercise reasonable care to provide in some other manner for the taking of such precautions.
    . . . .

§ 416. Work Dangerous in Absence of Special Precautions

One who employs an independent contractor to do work which the employer should recognize as likely to create during its progress a peculiar risk of physical harm to others unless special precautions are taken, is subject to liability for physical harm caused to them by the failure of the contractor to exercise reasonable care to take such precautions, even though the employer has provided for such precautions in the contract or otherwise.
    . . . .

§ 427. Negligence as to Danger Inherent in the Work

One who employs an independent contractor to do work involving a special danger to others which the employer knows or has reason to know to be inherent in or normal to the work, or which he contemplates or has reason to contemplate when making the contract, is subject to liability for physical harm caused to such others by the contractor's failure to take reasonable precautions against such danger.

RESTATEMENT (SECOND) OF TORTS §§ 7, 411, 413, 416, 427 (1965).