STATE OF MAINE                          SUPERIOR COURT
KENNEBEC, ss.                           CIVIL ACTION
                                        DOCKET NO. CV-01-136

MICHAEL FORTIN,                )
                               )
        Plaintiff              )
                               )
    v.                         )        DECISION AND ORDER
                               )
RAYMOND P. MELVILLE            )
                               )        DONALD L. GARBRECHT
    and                        )        LAW LIBRARY
                               )
THE ROMAN CATHOLIC BISHOP      )        JUL 18 2002
OF PORTLAND,                   )
                               )
        Defendants             )

This matter is before the court on motions for summary judgment and to dismiss brought by Defendant Roman Catholic Bishop of Portland ("the church"). Also pending is a motion for summary judgment brought by Defendant Melville on the same basis as that argued by the church. The church argues in the motions for summary judgment that the claims are barred by the statute of limitations and in the motion to dismiss that the claim is barred by the First Amendment of the United States Constitution and the Religion Clause of the Maine Constitution (Article 1, § 3).

With regard to the statute of limitations issue, the court agrees with the plaintiff that the motion is premature given the limited discovery.[1] The plaintiff makes a plausible argument that defendant Melville was absent from the State of Maine for a period of time and further information is needed to properly calculate

---

[1] Discovery has been suspended at the church's request pending decision on its motion to dismiss on the constitutional issue.

the limitation period. 14 M.R.S.A. § 866. Therefore, the court will deny the motions for summary judgment at the present time, preserving the right of Defendant Melville to renew his motion at a later date. In light of the court's decision on the church's motion to dismiss, the statute of limitations issue becomes moot as to that defendant.

## I.  Facts and Procedural History

The facts alleged in the plaintiff's complaint may be summarized as follows. Michael Fortin was born on December 31, 1971. Growing up, he lived with his parents in Augusta and attended St. Mary's School, a parochial school overseen by the Roman Catholic Church of Portland. Fortin also served as an altar boy at the St. Mary's Church. Defendant Raymond Melville was a priest assigned to the St. Mary's Parish. During a period of time between 1985 and 1992, Fortin claims that Melville sexually molested him by performing non-consensual sexual acts, including oral sex and rape.

On July 13, 2001, Fortin filed a twelve-count civil action in Kennebec County Superior Court against Melville and the church for damages sustained as a result of the alleged abuse. The charges against the church include negligence, clergy malpractice, negligent hiring and supervision, breach of fiduciary duty, breach of canonical agency and a request for punitive damages. Fortin claims the church was aware of an incident of abuse that occurred while Melville was in seminary prior to becoming ordained as a priest for the Diocese of Portland. Fortin contends that by placing Melville in St. Mary's Parish with the awareness of Melville's propensity, the church breached the duty to provide proper oversight and supervision of priests

providing religious services and education.

The church has filed the present motion to dismiss seeking to have all counts dismissed without discovery or other litigation.

## II. Discussion

A motion to dismiss pursuant to M.R. Civ. P. 12(b)(6) "tests the legal sufficiency of the allegations in a complaint, not the sufficiency of the evidence the plaintiffs are able to present." *Barnes v. McGough*, 623 A.2d 144, 145 (Me. 1993). In ruling on a Rule 12(b)(6) motion to dismiss, the court should "consider the material allegations of the complaint as admitted and review the complaint in the light most favorable to the plaintiffs to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiffs to relief pursuant to some legal theory." *Bussell v. City of Portland*, 1999 ME 103, ¶ 1, 731 A.2d 862, 862. "A dismissal is appropriate only when it appears beyond doubt that a plaintiff is entitled to no relief under any set of facts that he might prove in support of his claim." *Dexter v. Town of Norway*, 1998 ME 195, ¶ 7, 715 A.2d 169, 171.

The church has moved to dismiss the claim on First Amendment grounds arguing, *inter alia*, that the plaintiff's cause of action is barred by the Law Court's holding in *Swanson v. The Roman Catholic Church of Portland*, 1997 ME 63, 692 A.2d 441. In *Swanson*, the Court examined a negligent supervision claim against the church regarding a priest who initiated a sexual relationship with a woman while providing marriage counseling for her and her husband. The Court declined to consider extending liability to the church for fear of unconstitutionally impairing

the free exercise of religion by importing secular agency principles into the ecclesiastical realm of pastoral supervision and ordered that the complaint be dismissed on remand.

The plaintiff argues that the present case can be distinguished from *Swanson* and other similar cases on the facts.[2] The primary difference is the age of the plaintiff during the time of the alleged abuse. Courts have decided that a different Constitutional balance may apply in other First Amendment areas when the victim or person sought to be protected is a minor, e.g. upholding child pornography statutes.[3] However, in light of the sweeping language of parts of*Swanson*, this court feels constrained to agree with the church that the decision compels dismissal. Since all the plaintiff's claims against the church depend on application of secular agency principals rejected in *Swanson*, the dismissal will be as to all counts.

The entry will be:

(1) Defendants' motions for summary judgment are DENIED but Defendant Melville's Motion may be renewed after further limited discovery;

(2) Defendant Bishop of Portland's motion to dismiss is GRANTED and it is ORDERED that all counts are dismissed as to that defendant.

---

2 *See, e.g., Bryan R. v. The Bible and Watchtower Society of New York*, 1999 ME 144, 738 A.2d 839. Also, in the most recent case in which reexamination of*Swanson* was requested, the Law Court decided the case on other grounds without addressing the First Amendment issue. *Napieralski v. Unity Church of Greater Portland*, 2002 ME 108, ___ A. 2d ___. However, in reaching its decision, the Court held that on the facts of that case it would not adopt a cause of action for negligent supervision; a key element of the present case.

3 *See New York v. Ferber*, 458 U.S. 747, 102 S.Ct. 3348 (1982).

Dated: July 15, 2002

S. Kirk Studstrup

Justice, Superior Court

MICHAEL FORTIN  - PLAINTIFF

Attorney for: MICHAEL FORTIN
SUMNER LIPMAN
LIPMAN & KATZ PA
227 WATER STREET
PO BOX 1051
AUGUSTA ME 04332-1051


vs
RAYMOND P MELVILLE  - DEFENDANT

Attorney for: RAYMOND P MELVILLE
JOHN WHITMAN
RICHARDSON WHITMAN LARGE & BADGER
465 CONGRESS ST, SUITE 900
PO BOX 9545
PORTLAND ME 04112-9545


THE ROMAN CATHOLIC BISHOP OF PORTLAND - DEFENDANT

Attorney for: THE ROMAN CATHOLIC BISHOP OF
PORTLAND
FREDERICK MOORE
ROBINSON KRIGER & MCCALLUM
PO BOX 568
12 PORTLAND PIER
PORTLAND ME 04112-0568

SUPERIOR COURT
KENNEBEC, ss.
Docket No   AUGSC-CV-2001-00136


**DOCKET  RECORD**

Filing Document: COMPLAINT                    Minor Case Type: OTHER PERSONAL INJURY TORT
Filing Date: 07/13/2001

## Docket Events:

08/03/2001 FILING DOCUMENT - COMPLAINT FILED ON 07/13/2001

08/03/2001 ATTORNEY - RETAINED ENTERED ON 07/13/2001
           Attorney:  SUMNER LIPMAN

09/06/2001 Party(s):  RAYMOND P MELVILLE
           SUMMONS - CIVIL SUMMONS FILED ON 09/06/2001

09/06/2001 Party(s):  THE ROMAN CATHOLIC BISHOP OF PORTLAND
           SUMMONS - CIVIL SUMMONS FILED ON 09/06/2001

09/06/2001 Party(s):  THE ROMAN CATHOLIC BISHOP OF PORTLAND
           RESPONSIVE PLEADING - ANSWER & AFFIRMATIVE DEFENSE FILED ON 09/06/2001
           ANSWER AND AFFRIMATIVE DEFENSES OF DEFENDANT THE ROMAN CATHOLIC BISHOP OF PORTLAND, A
           CORPORATION SOLE, FILED.  S/F. MOORE, ESQ.

09/06/2001 Party(s):  THE ROMAN CATHOLIC BISHOP OF PORTLAND
           ATTORNEY - RETAINED ENTERED ON 09/06/2001
           Attorney:  FREDERICK MOORE

09/07/2001 Party(s):  MICHAEL FORTIN

                                        Printed on: 07/16/2002