STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO: CV-10-347
RAC-CUM-11/3/2011

RIRCHARD FORTUNE, IV and
RICHARD FORTUNE III & IV, INC.,

Plaintiff,

v.

**ORDER**

LEAVITT & PARRIS, INC.,

Defendant

---

LEAVITT & PARRIS, INC.,

Counterclaim Plaintiff

v.

RICHARD FORTUNE, IV and
RICHARD FORTUNE, III & IV, INC.

Counterclaim Defendant

Counterclaim defendants Richard Fortune, IV, and Richard Fortune, III & IV, Inc. move jointly to dismiss part of Leavitt & Parris, Inc.'s counterclaim because it fails to state a claim upon which relief can be granted. M.R. Civ. Pro. 12(b)(6).

## BACKGROUND

On March 1, 2010, the counterclaim plaintiff Leavitt & Parris, Inc. ("Leavitt") purchased assets from counterclaim defendant Richard Fortune III & IV, Inc. ("Fortune") pursuant to an Asset Purchase Agreement ("Agreement"). (Countercl. ¶ 4.) The counterclaim contains two breach of contract claims: one against Fortune for failing to abide by the Agreement (Count I; Countercl. ¶¶ 5–

1

13) and one against counterclaim defendant Richard Fortune, IV, ("Richard") in his individual capacity (Count II; Countercl. ¶ 29).

Additionally, Leavitt introduced tort claims arguing that Fortune and Richard misrepresented or actively concealed asset values relevant to the Agreement. (Count V; Countercl. ¶¶ 44–45.) Leavitt also claims that Fortune and Richard acted with malice, thus allowing for punitive damages (Count VI), and that Fortune and Richard were negligent in their misrepresentation (Count VII). (Countercl. ¶¶ 53, 56.) Additional counts in the counterclaim are not part of this motion.

## DISCUSSION

### I. STANDARD OF REVIEW

A motion to dismiss pursuant to M.R. Civ. P. 12(b)(6) tests the legal sufficiency of the complaint or counterclaim. *New Orleans Tanker Corp. v. DOT*, 1999 ME 67, ¶ 3, 728 A.2d 673 (citing *Dexter v. Town of Norway*, 1998 ME 195, ¶ 7, 715 A.2d 169). The court reviews the complaint or counterclaim "in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Moody v. State Liquor & Lottery Comm'n*, 2004 ME 20, ¶ 7, 843 A.2d 43 (quotation marks omitted).

### II. BREACH OF CONTRACT CLAIMS

The counterclaim defendants argue that the court should dismiss the breach of contract claims to the extent they "involve contractual duties that were waived by [Leavitt] at the time of closing." (Mot. Dismiss Countercl. 2.) "Waiver is 'a voluntary or intentional relinquishment of a known right and may be inferred from the acts of the waiving party.'" *Blue Star Corp. v. CKF Prop., LLC, et*

2

*al.*, 2009 ME 101, *26, 980 A.2d 1270 (quoting *Interstate Indus. Unif. Rental Serv., Inc. v. Couri Pontiac, Inc.*, 355 A.2d 913, 919 (Me. 1976)). In order for a waiver to bar enforcement of a known right it "must have induced a belief in the party who is claiming reliance on that waiver that the waiving party intended voluntarily to relinquish his rights." *Id.* (internal quotation marks omitted).

Defendants may rely on affirmative defenses, such as waiver, to dismiss a claim "'if facts giving rise to the defense appear on the face of the complaint.'" *Munjoy Sporting & Athletic Club v. Dow*, 2000 ME 141, ¶ 17, 755 A.2d 531 (quoting *Shaw v. S. Aroostook Cmty. Sch. Dist.*, 683 A.2d 502, 504 (Me. 1996)). Reading the counterclaim in the light most favorable to Leavitt, it is not clear that the rights were waived. Even if the rights were waived, it is not clear that Fortune and Richard were induced to believe that Leavitt "intended voluntarily to relinquish [its] rights." Instead, the counterclaim indicates that Fortune and Richard misrepresented information, thus making it impossible for Leavitt to properly exert its rights prior to closing. (Opp'n Mot Dismiss Countercl. 8; Countercl. ¶¶ 49–50.) Therefore, the breaches of contract claims are not dismissed.

III.   FRAUD & NEGLIGENT MISREPRESENTATION

The counterclaim defendants argue that the court must dismiss the fraud and misrepresentation claims because they are purely based on breach of contract claims and, therefore, merely duplicate earlier claims. (Mot. Dismiss Countercl. 2.) Leavitt clearly alleged all of the necessary elements in the counterclaim. Since Leavitt can properly make these tort claims along side the contract claims Count V and Count VII are not dismissed.

A. Fraud

3

"There is a distinction . . . between fraud that will vitiate a contract and fraud that is actionable as deceit." *Forbes v. Wells Beach Casino, Inc.*, 409 A.2d 646, 655 (Me. 1979). In order for Leavitt to sustain an action of deceit, "the representations if material and false must be of some existing facts." *Id.* at 656 (quoting *Albee v. Laroux*, 119 A. 626 (Me. 1923)). Here, Leavitt clearly asserts that Fortune and Richard fraudulently misrepresented some existing facts.

B.  Negligent Misrepresentation

"Liability in tort may coexist with liability in contract, but only where duty existing independent of the contract has been violated." *Eldredge Lumber & Hardware Inc., v. Lord*, 2003 Me. Super LEXIS 252, *4 (Dec. 9, 2003). In its counterclaim, Leavitt asserts that "Counterclaim Defendants had a duty to exercise reasonable care or competence in obtaining or communicating the information described herein." (Countercl. ¶ 55.) Since Maine is a notice-pleading jurisdiction this statement is sufficient to exert the necessary duty and assert, along with the other elements, a claim of negligent misrepresentation.

IV.    PUNITIVE DAMAGES

Punitive damages are appropriate for tort claims only when the defendant acted with malice. *DiPietro v. Boynton*, 628 A.2d 1019, 1024 (Me. 1993). Here, Leavitt clearly claimed malice in the counterclaim (Countercl. 53.), and the tort claims are not dismissed. Therefore, Count VI is not dismissed.

**The entry is:** The counterclaim defendant's partial motion to dismiss the counterclaim is denied.

DATE: _November 2, 2011_

_____
Roland A. Cole
Justice, Superior Court

4

---

| | | | | | |
|---|---|---|---|---|---|
| 01 0000002406 | LAMBERT, JOHN | | | | |
| 477 CONGRESS STREET 14TH FLOOR PO BOX 15215 PORTLAND ME 04112-5215 | | | | | |
| F | RICHARD FORTUNE, IV | | PL | RTND | 04/15/2011 |
| F | RICHARD FORTUNE III AND IV INC | | PL | RTND | 04/15/2011 |
| | | | | | |
| 02 0000002029 | MAWHINNEY, DANIEL | | | | |
| THREE CANAL PLAZA PO BOX 4630 PORTLAND ME 04112-4630 | | | | | |
| F | LEAVITT AND PARRIS INC | | DEF | RTND | 05/27/2011 |
| | | | | | |
| 03 0000008401 | RIELLY, BRENDAN | | | | |
| 10 FREE STREET PO BOX 4510 PORTLAND ME 04112 | | | | | |
| F | LEAVITT AND PARRIS INC | | DEF | RTND | 05/27/2011 |