STATE OF MAINE                          SUPERIOR COURT
PENOBSCOT, ss                           CIVIL ACTION
                                        DOCKET NO. CV-12-133
                                        KMC - PEN - 12/27/2012


LOWELL GARDNER

        Plaintiff,


v.


RICHARD THOMAS

        Defendant.


DECISION ON
MOTION TO DISMISS

Under date of October 29, 2012, Defendant filed a Motion to Dismiss for failure to state a claim upon which relief can be granted. M.R. Civ. P. 12(b)(6). The memoranda filed in support and opposition to this Motion have been considered by the Court.

Plaintiff filed a complaint alleging multiple theories of recovery. The thrust of the complaint is that Plaintiff alleged that the Defendant defamed him causing severe emotional distress. It was alleged that the Defendant and Plaintiff were co-employees and that the defamation happened at work. Defendant argues that the Maine Tort Claims Act (hereinafter MTCA) governs the claims since the employer of both Plaintiff and Defendant was a governmental agency. The complaint contains no claims against the governmental agency.

Discussion

A Motion to Dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. *Dexter v. Town of Norway*, 1998 ME 195 ¶ 7, 715 A.2d 169. The material allegations of the claim/pleading are taken as admitted and the complaint is examined "in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle

1

the plaintiff to relief pursuant to some legal theory. A dismissal is appropriate only 'when it appears beyond doubt that a plaintiff is entitled to no relief under an set of facts that he might prove in support of his claim'" *Id.*

The purpose of the complaint is to provide fair notice of the claim against the defendant. *Bowen v. Eastman*, 645 A.2d 5, 7 (Me. 1994). Defendant does not take issue with the counts of the complaint as stating the elements of the legal theories alleged. *See Sanders v. Tisher*, 2006 ME 94, ¶ 8, 830 A.2d 830. Defendant takes issue with the failure of the Plaintiff, having identified that Plaintiff and Defendant were co-employees of a governmental entity, to allege that under the Maine Tort Claims Act (14 M.R.S. § 8107 et seq.) notice was given as required. Absent allegation of that notice, Defendant argues the complaint must be dismissed pursuant to Rule 12(b)(6).

## Tort Claims Act

The notice requirement of the MTCA requires that notice be given with regard to claims against the governmental entity or employee. 14 M.R.S. § 8107(4). This requirement still applies even if no claim is asserted against the governmental entity itself. *Darling v Augusta Mental Health Inst.*, 535 A.2d 421, 430 (Me. 1987). The MTCA requirements of notice only come into play when the claim against the employee is for conduct within the scope of employment. That issue is in need of further factual development that is beyond the scope of this initial challenge to the adequacy of the pleadings.

Defendant references the recent case of *Hilderbrand v. Washington County Commissioners, et al.*, 2011 ME 132, 33 A.3d 425, for the proposition that "all tort claims against employees, including intentional torts, fall within the purview of the MTCA. The *Hilderbrand* case is inapposite to this case because it dealt with a tort claim against the named government entity. That case also dealt with discretionary function immunity and highlighted the need for a factual record to allow development of the nature and scope of employment to allow application of the appropriate legal standards. It is instructive in this case to note that the issues in *Hilderbrand* were decided based on undisputed facts presented by way of a summary judgment motion. In his complaint the Plaintiff has alleged the necessary elements of the torts identified in the six counts and sufficiently apprised the defendant of the

2

nature of the claims. *See Demeuse v. WGME*, Inc. 2010 Me. Super. LEXIS 63 (May 4, 2010).

The status of the Defendant as being within or without the scope of his employment when he was engaged in the alleged tortious conduct identified in the complaint is fact dependent and beyond the scope of a Motion to Dismiss.

The entry will be:

1. Motion to Dismiss filed by Defendant is DENIED.

2. At the direction of the Court, this Order shall be incorporated into the docket by reference. M.R. Civ. P. 79(a).

December 27, 2012

Kevin M. Cuddy
Justice, Superior Court

3

LOWELL GARDNER VS RICHARD THOMAS
UTN:AOCSsr  -2012-0090754                          CASE #:BANSC-CV-2012-00133
---------------------------------------------------------------------------

| SEQ | TITLE | NAME | | DOB | ATTY |
|-----|-------|------|--|-----|------|
| 001 | PL | LOWELL GARDNER | Cynthia Mehnert | / / | T |
| 002 | DEF | RICHARD THOMAS | Peter De Troy | / / | T |