STATE OF MAINE                          SUPERIOR COURT
PENOBSCOT, ss                           DOCKET NO. CV-13-140
                                        KMC -PEN- 11/27/2013


CLAUDE R ARSENEAULT,

        Plaintiff,
v.


CAROL H. LOVELY,

        Defendant.

## DECISION
## MOTION TO DISMISS

This matter is before the Court on Defendant's Motion to Dismiss dated September 17, 2013. The Motion was filed pursuant to M.R. Civ. P. 12(b)(6). A hearing was held on this Motion on November 26, 2013. Counsel for Plaintiff had filed a Motion to Amend the Complaint dated November 22nd which the Court indicated it would not consider at this time. The Motion to Dismiss addressed the initial complaint that is now before the Court.

Also pending at this time is a Rule 26(g) request dealing with discovery issues which counsel agreed could be deferred until counsel have further time to attempt to resolve that dispute. Counsel will contact the Court if this matter needs to be heard on the discovery dispute.

### Discussion

A Motion to Dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. *Dexter v. Town of Norway*, 1998 ME 195 ¶ 7, 715 A.2d 169. The material allegations of the claim/pleading are taken as admitted and the complaint is examined "in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory. A dismissal is appropriate only 'when it appears beyond doubt that a plaintiff is entitled to no relief under an set of facts that he might prove in support of his claim' " *Id.*

The purpose of the complaint is to provide fair notice of the claim against the defendant. *Bowen v. Eastman*, 645 A.2d 5, 7 (Me. 1994).

1

Counsel for Defendant has filed a memorandum in support of his Motion and counsel for the Plaintiff has responded. Plaintiff's response was to suggest additional 'facts' to support his allegations. That may be appropriate were this a motion for summary judgment but it is not. The focus of this Motion to Dismiss is on the allegations in the pleadings as opposed to facts outside the pleadings.

## Abuse of Process/ Malicious Prosecution

Defendant challenges Count 3 that is captioned Abuse of Process and Malicious Prosecution. These allegations put two causes of action in a single count that is duplicitous. As such, the pleading standards would require dismissal and re-pleading since it does not give the Defendant the chance to identify which allegations relate to which theory of recovery and to raise appropriate and focused defenses to each claim.

The claim of abuse of process at most identifies the use of regular process by Defendant making a criminal complaint to law enforcement personnel. (*See Tanguay v. Asen*, 1998 ME 277, ¶ 5, 722 A.2d 49). The pleading fails to state a claim upon which relief can be granted and this claim is dismissed.

The claim of malicious prosecution, accepting inferences favorable to the Plaintiff, alleges a claim for wrongful use of criminal process and proceedings. It is a claim upon which relief can be granted (*See Pepperell Trust v. Mountain Heir*, 1998 ME 46, ¶ 14, 708 A.2d 651; *Trask v. Devlin,* (2002 ME 10, ¶ 11, 788 A.2d 179). The Motion to Dismiss the malicious prosecution claim is denied.

## Negligence/ Negligent Infliction of Emotional Distress

Again the pleading in Count 4 is duplicitous and for the reasons stated above should be dismissed. Negligent Infliction of Emotional Distress is a separate tort from negligence. However, as noted by counsel for the Defendant, part of the damages for a claim of negligence includes claims for pain, suffering a mental anguish (*Gilmore v. Central Maine Power Co.*, 665 A.2d 666 (Me., 1995)). The claim for emotional damages in Court 4 is subsumed into

2

Count 4 and the claim for Negligent infliction of Emotional Distress is dismissed. NIED is not a separate tort if the emotional or psychic damages are recoverable under another action. *Curtis v. Porter*, 2001 ME 158, 784 A.2d 18. The claim for Negligent Infliction of Emotional Distress is dismissed.

### Fraud and Misrepresentation

The claim for Fraud and Misrepresentation in Count 7 is dismissed on the Court's Motion as duplicitous for reasons noted above. Should these claims be presented in an amended complaint, they need to be presented separately and the fraud claim needs to comply with M,R. Civ. P. 9(b).

### Unjust Enrichment and Constructive Trust

This claim in Count 8 is dismissed because it is duplicitous. It is dismissed for the reasons previously stated. Each independent claim states a claim upon which relief can be granted, allowing inferences in favor of the plaintiff and relying on notice pleading as the standard. Nonetheless, each of these claims needs to be stated in a separate count for reasons stated above.

### Partnership and Joint Venture

This claim in Count 9 is dismissed because it is duplicitous. The Motion to dismiss is granted for the further reason that there is no authority to suggest that the allegations would allow recovery as claims upon which relief can be granted. At best, these allegations state claims for recovery under a theory of implied contract/unjust enrichment.

### Punitive Damages

The claim in Count 10 is a claim for punitive damages. There is no distinct cause of action claiming punitive damages. *Frank v. L. L. Bean*, 352 F. Supp. 2d 8, 13-14; See *Laux v. Harrington*, 2012 ME 18, ¶ 35, 38 A.3d 318.

### Unfair Trade Practices

The claim in Count 11 alleges a breach of the Unfair Trade Practices Act (5 M.R.S. § 205 *et seq.*). The complaint alleges sufficient facts, including a landlord

tenant relationship, breach of the same, and monetary damages. *MacCormack v. Brower*, 2008 ME 86, 948 A.2d 1259. The Motion to Dismiss this claim is denied.

1. The Order will be that the following Counts/claim are dismissed pursuant to the Motion to Dismiss:
   a. Count 1 Abuse of Process
   b. Count 4 Negligent Infliction of Emotional Distress.
   c. Count 7 Fraud and Misrepresentation
   d. Count 9 Partnership and Joint Venture
   e. Count 10 Punitive Damages

2. The Motion to Dismiss is denied as to all other claims contested by the Motion.

3. At the direction of the Court, this Order shall be incorporated into the docket by reference. M.R. Civ. P. 79(a).

November 27, 2013

Kevin M. Cuddy
Justice, Superior Court

4

CLAUDE R ARSENAULT VS CAROL H LOVELY

CASE #: BANSC-CV-2013-00140

----------------------------------------------------------------

| 001 PL | CLAUDE R ARSENAULT | Larry Willey Esq : Ezra Willey Esq | T |
|--------|--------------------|-----------------------------------|---|
| 002 DEF | CAROL H LOVELY | Joseph Baldacci Esq / / | T |
| | | Joshua Randlett Esq | |